**In re Drenda Lee STINSON, Debtor.**

**Bankruptcy No. 97–59814–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 29, 1998.

J. Michael Hill, Allen Park, MI, for Debtor.

Lawrence Friedman, Southfield, MI, for Trustee.

### SUPPLEMENTAL OPINION

STEVEN W. RHODES, Chief Judge.

Once again, the Court must send a strong message to chapter 7 debtors who unlawfully exercise control over their pre-petition personal injury claims. *See also In re Lundy,* 216 B.R. 609 (Bankr.E.D.Mich.1998); *Carole Hall,* Ch. 7 Case No. 93–50487–R; *Toni Ramey,* Ch. 7 Case No. 96–52205–R; *Ronald E. Robbins,* Ch. 7 Case No. 98–42270–R; *Florida Kelsey,* Ch. 7 Case No. 95–41046–R. The message is that such conduct will have serious consequences.

In this case, the Court denied the debtor's exemption in her personal injury claim because she settled it after filing bankruptcy, without involving the trustee, before the trustee had an opportunity to object to her claim of exemption, and without filing a motion for approval of the settlement in bankruptcy court. The Court also ordered the debtor to turn over to the estate the $20,000 settlement amount and ordered her personal injury attorney to turn over his fee.[1]

---

1. This opinion supplements the opinion given on the record in open court at the hearing on the trustee's objections.

## I.

The debtor, Drenda Lee Stinson, filed her bankruptcy petition on November 20, 1997. In her Schedule B she disclosed her personal injury claim against the City of Allen Park, indicating that it was of "unknown" value. She also claimed an exemption of this property in Schedule C.

The meeting of creditors was held on December 30, 1997. At the meeting, Stinson testified that after the bankruptcy was filed, she settled her personal injury claim for $20,000. On January 23, 1998, the trustee, Stuart Gold, objected to the exemption, because Stinson had improperly settled the personal injury claim and because the exemption was improper under 11 U.S.C. § 522(d).

On February 12, 1998, Stinson filed an amended claim of exemption, as follows:

**Possible lawsuit against the Allen Park Police Department and John Doe, police officer for an accident on 4/21/97**

| | |
|---|---|
| Exemption law: | **11 USC section 522(d)(5) & (1)** |
| Value exempt: | **7,380.00** |
| Exemption law: | **11 USC section 522(d)(10)(C)** |
| Value exempt: | **infinite** |
| Exemption law: | **11 USC section 522(d)(11)(D)** |
| Value exempt: | **15,000.00** |
| Exemption law: | **11 USC section 522(d)(11)(E)** |
| Value exempt: | **infinite** |
| Debtor Interest: | **unknown** |

On February 27, 1998, Gold filed an objection to the proposed amendment to exemptions.

At the hearing on Gold's objections on March 10, 1998, Stinson's bankruptcy attorney, J. Michael Hill, agreed that the objection raised questions of law. Hill's basic position was that under 11 U.S.C. § 522(d), the exemption should be allowed, and therefore Stinson did not improperly settle her claim. Hill further asserted that Gold had not objected to the exemption on the grounds that she had settled the claim. Finally, Hill argued that the settlement was reasonable.

Stinson's personal injury attorney, Gregory Demopoulos, stated that after the bankruptcy petition was filed, he called Hill, who told him the personal injury claim would be exempted. Demopoulos then advised Hill that the claim was close to settlement, and Hill told Demopoulos simply to keep the settlement money segregated. Demopoulos also stated in the hearing that after the settlement, he gave Stinson a check on December 9, 1997, which was 19 days after Stinson filed bankruptcy, and she cashed it on December 30, 1997, which was the day of the meeting of creditors. Demopoulos agreed that it was improper for him to settle this matter.

The Court then sustained Gold's objection and ordered Stinson to pay to the estate $20,000 and Demopoulos to pay whatever fee he had received from Stinson, with joint and several liability to that extent.

## II.

■ The Court's authority to deny a claim of exemption in exceptional circumstances is well established. *In re St. Angelo,* 189 B.R. 24 (Bankr.D.R.I.1995); *Tignor v. Parkinson,* 729 F.2d 977 (4th Cir.1984); *In re Yonikus,* 996 F.2d 866 (7th Cir.1993).

In such cases, frequently the issue is whether the claim of exemption should be denied due to concealment. *St. Angelo,* 189 B.R. 24; *In re Doan,* 672 F.2d 831 (11th Cir.1982); *Yonikus,* 996 F.2d 866; *In re Williams,* 197 B.R. 398 (Bankr.M.D.Ga.1996); *In re Crosier,* 132 B.R. 224 (Bankr.D.N.H. 1991).

■ The statutory basis for the Court's authority to deny an exemption in these circumstances is found in 11 U.S.C. § 105(a),[2] which provides:

2. In *Taylor v. Freeland & Kronz,* 503 U.S. 638,     112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The bankruptcy court's broad authority to sanction improper conduct was confirmed in *Mapother & Mapother, P.S.C. v. Cooper (In re Downs )*, 103 F.3d 472 (6th Cir.1996), in which the court of appeals stated, "Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *Id.* at 477 (citation omitted).

### III.

The conduct of Stinson and Demopoulos in settling her personal injury claim was unlawful in the following respects: (a) The claim was property of the estate when it was settled. (b) This Court had exclusive jurisdiction of the claim as property of the estate. (c) Settling the claim violated the automatic stay against exercising control over estate property. (d) Stinson violated her statutory duty to cooperate with the trustee. (e) Settling the claim interfered with Gold's opportunity to object to the exemption and with the Court's opportunity to rule on the matter. (f) Only the trustee had standing to prosecute and settle the claim. (g) The settlement interfered with the rights of other parties to be heard on the settlement, and with this Court's obligation to determine whether the settlement was reasonable. These problems are explained in more detail below.

### A.

■ First, at the time the claim was settled, it was property of the estate. 11 U.S.C. § 541 provides:

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

■ The estate includes the debtor's personal injury claims. *Bauer v. Commerce Union Bank,* 859 F.2d 438 (6th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *In re Bronner,* 135 B.R. 645 (9th Cir. BAP 1992); *Tignor,* 729 F.2d 977; *Yonikus,* 996 F.2d 866; *Taylor,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280. "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *Yonikus,* 996 F.2d at 869 (citation omitted). *See also Official Comm. Unsecured Creditors v. PSS Steamship Co., Inc. (In re Prudential Lines, Inc.),* 928 F.2d 565, 572 (2d Cir.), *cert. denied,* 502 U.S. 821, 112 S.Ct. 82, 116 L.Ed.2d 55 (1991). The proceeds of a personal injury claim settled post-petition are also property of the estate. 11 U.S.C. § 541(a)(6); *Tignor,* 729 F.2d 977. *See also In re Kobaly,* 142 B.R. 743 (Bankr.W.D.Pa.1992).

■ Even property claimed as exempt becomes property of the estate when the petition is filed. *In re McLean,* 41 B.R. 893 (D.S.C.1984), *rev'd on other grounds,* 762 F.2d 1204 (4th Cir.1985); *Taylor,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280; *Cyrak v. Poynor,* 80 B.R. 75 (N.D.Tex.1987); *Bronner,* 135 B.R. 645; *Tignor,* 729 F.2d 977; *Gernat v. Belford,* 192 B.R. 601 (D.Conn.), *aff'd,* 98 F.3d 729 (2d Cir.1996). Indeed, if the debtor chooses not to claim an exemption in property, that property is distributed to creditors. *McLean,* 41 B.R. 893. It is only when the claimed exemption is upheld by the bankruptcy court that the property is no longer property of the estate. *In re Sherk,* 918 F.2d 1170, 1174 (5th Cir.1990).

As a consequence, subject to Stinson's exemptions as determined by the Court, this bankruptcy estate owned her personal injury

---

trustee argued the application of 11 U.S.C. § 105(a) in a similar context, but the Supreme Court determined not to consider the argument because the trustee had not raised it in the lower courts.

claim and, now, owns the proceeds of it. *Kobaly*, 142 B.R. at 749.

### B.

■ Second, under 28 U.S.C. § 1334(e), the district court has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement" of a bankruptcy case, "and of property of the estate." This includes jurisdiction over exempt property. *Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir.1993); *In re Jackson*, 102 B.R. 82 (Bankr.N.D.Tex.1988); *In re Gibbs*, 44 B.R. 475 (Bankr.D.Minn.1984). The conduct of Stinson and Demopoulos effectively deprived this Court of that jurisdiction over her personal injury claim as property of the estate.

### C.

■ Third, their conduct also violated the automatic stay. 11 U.S.C. § 362(a) provides, "[A] petition ... operates as a stay, applicable to all entities, of—(3) any act ... to exercise control over property of the estate[.]" *See Prudential Lines*, 928 F.2d at 573–74.

■ Initially, it must be noted that the stay is "applicable to all entities," including the debtor. *In re Shapiro*, 124 B.R. 974, 981 (Bankr.E.D.Pa.1991). Given the dual purposes of the stay, it is appropriate that the universe of entities that are stayed is all-inclusive. The dual purposes are to protect the debtor from the collection activities of creditors and to protect the court's processes in marshaling and distributing estate assets. *Martino v. First Nat'l Bank of Harvey (In re Garofalo's Finer Foods, Inc.)*, 186 B.R. 414, 435 (N.D.Ill.1995). Although staying the debtor from asserting control over her prepetition cause of action is not necessary to accomplish the first purpose, it certainly is for the second.

The specific purpose of § 362(a)(3) is:

to prevent dismemberment of the estate. Liquidation must proceed in an orderly fashion. Any distribution of property must be by the trustee after he has had an opportunity to familiarize himself with the various rights and interests involved and with the property available for distribution. To achieve this purpose the stay of (a)(3) is very wide in terms of the conduct that is covered. As Bankruptcy Judge Nancy Dreher has observed, its language, "stays three distinct, although not mutually exclusive, types of actions:" (1) obtaining possession of property (a) of the estate or (b) from the estate or (2) exercising control over estate property.

1 David G. Epstein et al., *Bankruptcy* § 3–14, at 162 (1992) (footnotes omitted).

Section 362(a)(3) stays all actions, whether judicial or private, that seek to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. The trustee or debtor in possession takes control of all property of the estate in order to maintain any going concern value and to assure an equitable distribution of the property among creditors. This requires that no entity seek to interfere with these tasks by taking possession of or exercising control over property of the estate.

. . . .

The stay applies to attempts to obtain control over both tangible and intangible property. It also protects causes of action that are vested in the trustee.

3 *Collier on Bankruptcy* ¶ 362.03[5], at 362–20, 21 (Lawrence P. King ed., 15th ed. 1997) (footnotes omitted).

In the present context, Epstein's treatise explains the concept of "exercising control" under § 362(a)(3):

A common example is exercising control of intangible property rights that belong to the estate, such as contract rights or causes of action. These rights are incapable of real possession unless they are reified. Yet, (a)(3) preserves and guards against interference with them by staying any act to exercise control over estate property.

1 David G. Epstein et al., *Bankruptcy* § 3–14, at 163 (1992).

Here, a fine distinction must be made. The debtor's personal injury action itself is not stayed, because § 362(a)(1) stays only

judicial actions *against* a debtor. *In re Berry Estates*, 812 F.2d 67, 71 (2d Cir.), *cert. denied*, 484 U.S. 819, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987); *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989). *See also Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60 (6th Cir.1983). What *is* stayed here under § 362(a)(3) is the debtor's exercise of control over the estate property. "Actions and proceedings in themselves are stayed only when they are against the debtor. The reason is that the cause of action belongs to the estate, and prosecuting the action is thereby an exercise of control over property of the estate in violation of (a)(3)." 1 David G. Epstein et al., *Bankruptcy* § 3–14, at 168 (1992).

### D.

■ Fourth, the conduct of Stinson and Demopoulos also violated the debtor's duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties ...." 11 U.S.C. § 521(3). *See also* Fed. R. Bankr.P. 4002(4). Among the trustee's duties is the duty to "collect and reduce to money the property of the estate" under 11 U.S.C. § 704(1) and to "investigate the financial affairs of the debtor" under § 704(4).

■ " 'Cooperate' is a broad term, indeed, and must be construed that whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." 4 *Collier on Bankruptcy* ¶ 521.11[5], at 521–43 (Lawrence P. King ed., 15th ed.1996). *See also In re Bentley*, 120 B.R. 712, 717 (Bankr.S.D.N.Y. 1990); *Turshen v. Chapman*, 823 F.2d 836, 838 (4th Cir.1987).

In a similar vein, the conduct also violated the debtor's duty to "surrender to the trustee all property of the estate ...." 11 U .S.C. § 521(4).

### E.

Fifth, the conduct also interfered with both the trustee's opportunity to object to the exemption under Bankruptcy Rule 4003(b) and this Court's authority to determine such objections. *See* Fed. R. Bankr.P. 4003(c) ("After hearing on notice, the court shall determine the issues presented by the objections.") In this case, apparently, Hill determined that the exemption was proper, and so advised Demopoulos, who acted accordingly. As a result, Gold was left with no meaningful opportunity to object to the exemption because the property subject to the exemption dispute, the lawsuit, had already been liquidated and the proceeds had already been distributed.

### F.

Sixth, Stinson's settlement interfered with Gold's standing to prosecute her action. Bankruptcy Rule 6009 provides:

> With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

Fed. R. Bankr.P. 6009.

■ As noted in *In re Gulph Woods Corp.*, 116 B.R. 423, 428 (Bankr.E.D.Pa. 1990), "[O]nce a trustee is appointed in a bankruptcy case, the trustee, not the debtor or the debtor's principal, has the capacity to represent the estate and to sue and be sued under 11 U.S.C. §§ 323(a) and (b)." *See also Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946); *Bauer*, 859 F.2d at 441.[3]

### G.

Seventh, the debtor's settlement also interfered with the rights of parties in interest to be heard on the reasonableness of the settlement and with this Court's authority to determine the issue. Bankruptcy Rule 9019(a) provides, "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R.

---

**3.** If the trustee abandons the claim under 11 U.S.C. § 554, the debtor may pursue it. *Unisys Corp. v. Dataware Prod., Inc.*, 848 F.2d 311 (1st Cir.1988); *Merchants & Farmers Bank v. Hill*, 122 B.R. 539 (E.D.Ark.1990).

Bankr.P. 9019(a). The Supreme Court has stated that the bankruptcy judge must:

> apprise[ ] himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 423, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968). *See also Reynolds v. C.I.R.,* 861 F.2d 469, 473 (6th Cir.1988). Based on Rule 9019(a), as well as 11 U.S.C. § 328(a) and (b) and 28 U.S.C. § 959(a), *Collier on Bankruptcy* states:

> After appointment of a trustee, a debtor no longer has standing to pursue a cause of action which existed at the time the order for relief was entered. Only the trustee has the authority and discretion to prosecute, defend and settle, if appropriate in its judgment, such a cause of action.

3 *Collier on Bankruptcy* ¶ 323.03[1], at 323–7 (Lawrence P. King ed., 15th ed. 1997) (footnotes omitted).

### IV.

█ The issue becomes how to address these improprieties. Hill appears to argue that regardless, Stinson was entitled to the exemption, so she should have it. There are two problems with this response. First, it provides no incentive for a debtor to follow the law. This is a serious consideration because the staggering number of consumer bankruptcy cases compels the court, the trustee and creditors to rely upon the willingness of debtors to follow the law. Second, Stinson's response does nothing to address the substantial deprivation of rights resulting from her conduct.

The Court notes that unlike some other debtors, Stinson did fulfill her responsibility to disclose her personal injury claim in her schedules. However, her subsequent conduct in settling that claim created the same result for the estate as if she *had* concealed it in the first instance. She thus deprived the disclosure of any effective meaning to the estate. There is no principled basis upon which to distinguish this case from the many in which courts have denied exemptions of concealed property.

For that reason, and due to the serious consequences that Stinson's conduct had upon the due administration of this estate, the trustee's objection to her exemption in her personal injury claim is sustained.