**In re Carrie Sue FOSTER Debtor.**

**No. 94–52856.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 17, 2000.

See also 247 B.R. 735.

Thomas F. Vivyan, Edward L. Clark, Clark, Perdue, Roberts & Scott, Columbus, OH, Special Counsel.

Michael P. Vasko, Canal Winchester, OH, for Martha Dean.

Larry E. Staats, Columbus, OH, Chapter 7 Trustee.

Grady L. Pettigrew, Jr., Cox, Stein & Pettigrew Co., L.P.A., Columbus, OH, for debtor.

Carrie Sue Foster, Columbus, OH, Office of the U.S. Trustee, Columbus, OH.

## OPINION AND ORDER ON APPLICATION OF MARTHA DEAN FOR ATTORNEY FEES

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the application of Martha Dean ("Dean"), seeking the allowance of fees for services. That application is opposed by special counsel to the trustee and was heard by the Court.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This matter involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and a related matter as to which the parties have consented to this Court's determination.

## I. BACKGROUND AND FINDINGS OF FACT

The facts in this matter are as follows. In 1993 Dean was acting as an attorney for the debtor on a number of matters relating to the debtor's serious medical problems. In the course of her representation Dean became aware that Medical Mutual of Ohio, then known as Blue Cross/Blue Shield of Ohio, had denied insurance coverage to the debtor for certain medical expenses of approximately $15,000. Shortly before the time would have expired for further administrative appeal of that denial, Dean escorted the debtor to the office of Tom Vivyan ("Vivyan"). Vivyan took on the case and prosecuted the administrative appeal. The appeal was denied and Vivyan later filed a lawsuit against the insurance company. That lawsuit eventually settled for $950,000 after Vivyan associated with co-counsel Ed Clark ("Clark") from the firm of Clark, Perdue, Roberts & Scott ("CPRS"). Dean has requested fees from the initial referral to Vivyan and the subsequent lawsuit.

The debtor filed her case under chapter 7 of the Bankruptcy Code on May 20, 1994, subsequent to the denial of the administrative appeal, but prior to the filing of the state court case. At the bankruptcy petition date any claim the debtor had against the insurance company passed to the trustee in bankruptcy as the representative of the bankruptcy estate.

Vivyan filed the case in state court on February 2, 1996. Eventually he had the bankruptcy trustee substituted as the plaintiff in that action. The trustee first applied to have Vivyan's law firm represent the bankruptcy estate as special counsel in the prosecution of the state court action. Later, the trustee applied to have Vivyan, by then a sole practitioner, and CPRS appointed as co-special counsel. On September 16, 1999, this Court appointed Vivyan and CPRS as successor special counsel.

The bankruptcy trustee never sought to have Dean appointed to represent the

bankruptcy estate. Dean continued, however, to assert to Vivyan and later also to CPRS, her entitlement to one-third of any attorney fee which might be awarded in the state court action. She never made any demand on the trustee in bankruptcy. Once CPRS applied to the Court for the allowance of its fees after the case was settled, Dean also applied to this Court for an award of fees.

There was no written contract between the debtor and Dean relating to attorney fees for either the administrative appeal or the subsequent state court action. There was a written fee agreement executed on December 22, 1993 between Vivyan and the debtor and a subsequent superceding written fee agreement executed on April 1, 1998 among Vivyan, CPRS and the debtor. The debtor testified that she did not believe Dean was representing her in the insurance matter, but merely had referred her to Vivyan. After the debtor became aware Dean was asserting representation, the debtor informed Vivyan that she did not believe Dean was involved in this matter and that she did not want Dean to represent her.

Dean asserts that she continued to look after the debtor's rights after the referral to Vivyan; that she was responsible for forcing Vivyan to file the lawsuit prior to the running of the statute of limitations; that she attempted to locate Vivyan for the debtor more than once after Vivyan moved his office several times; and that she was actively involved in the case. The debtor agreed that Dean had appeared at a pre-trial conference affecting her case, but the debtor was surprised at her appearance and did not understand why she was there. When the debtor questioned Vivyan as to why Dean was present, she did not receive any response.

Dean testified that she and Vivyan had an agreement to divide any fees Vivyan received from a settlement or trial of the debtor's case. Pursuant to that agreement Dean was to get one-third of any attorney fees awarded. She and Vivyan each agreed to advance expenses. Dean never made any cost advances, however, despite several requests from Vivyan and her apparent willingness, because she was unable to obtain from Vivyan any accounting of what had been spent and what was needed.

## II. *ISSUES*

The Court must decide whether Martha Dean is entitled to any administrative expense which should be paid from this bankruptcy estate. If she is not so entitled, then the Court will consider whether Dean has any other claim for payment against the bankruptcy estate or Vivyan and/or CPRS for services she may have rendered.

## III. *CONCLUSIONS OF LAW*

 The Court finds that Martha Dean is not entitled to an allowance of any fees from this bankruptcy estate as an administrative expense. She never sought or received any appointment to represent the bankruptcy estate. Appointment under 11 U.S.C. § 327 is a prerequisite for the allowance and payment of any professional fees pursuant to 11 U.S.C. § 330. Accordingly, she may not be compensated from the bankruptcy estate for an administrative expense under 11 U.S.C. § 503.

 This decision may not end the matter, however. The size of the settlement achieved in the state court case causes this bankruptcy estate to be solvent. There are sufficient funds to pay all claims in full, including late claims, and still return a surplus to the debtor. Therefore, to the extent Dean has a claim for hourly fees for services performed for the debtor prior to the bankruptcy filing and, for the insurance claim, prior to the referral to Vivyan, she may have an unsecured claim against the bankruptcy estate. Any such claim would have to be based upon services performed during the applicable time period for which she and the debtor understood that an hourly rate would be charged. Any services performed for matters understood to be only on a contingency basis and for which the contingency never oc-

curred, such as the malpractice action, could not be properly included in such a claim. The trustee and the debtor, because of the solvency of the estate, have the right to object to any proof of claim filed.

 This Court also has been asked to determine Dean's rights and claims against Vivyan and CPRS arising from the oral agreement Dean asserts that she had with Vivyan pursuant to which she was entitled to receive one-third of any attorney fee award. Even without the bankruptcy complications, however, and even though the Court believes such an oral agreement existed, that agreement is not enforceable.

If considerations of the bankruptcy filing are put aside, the agreement between Dean and Vivyan does not satisfy the requirements of Disciplinary Rule 2–107(A). That rule states:

> (A) Division of fees by lawyers who are not in the same firm may be made only with the prior consent of the client and if all of the following apply:
>
> (1) The division is in proportion to the services performed by each lawyer or, if by written agreement with the client, all lawyers assume responsibility for the representation;
>
> (2) The terms of the division and the identity of all lawyers sharing in the fee are disclosed in writing to the client;
>
> . . .

An agreement for a one-third division of fees would not have been proportionate to the services performed by Dean in this matter. Those services were primarily non-legal in nature and involved attempts to locate Vivyan. Dean also made the initial referral and appeared at a pretrial conference. Such services, while perhaps useful, did not represent any significant portion of the effort required to pursue this case. Although Dean asserts that her services were necessary to force the filing of the lawsuit prior to the expiration of the statute of limitations, the Court believes it was the trustee in bankruptcy who was primarily responsible for that endeavor.

In addition to a lack of proportionality, the Court finds that the debtor was not informed in writing that Dean would be sharing fees in the insurance matter with Vivyan. Dean claims that the debtor was aware of the arrangement. The debtor denies any such knowledge and testified that she instructed Vivyan, after learning of Dean's request for fees in December of 1996, that she did not want Dean to represent her and did not believe Dean was representing her. The debtor was surprised and upset by Dean's appearance at the pretrial conference in February of 1998.

There has been no evidence of any written communication to the debtor that identified Dean as an attorney sharing in any fee award in connection with the insurance denial matter. The requirement of Disciplinary Rule 2–107(A)(2), therefore, has not been met. Consequently, Dean has no enforceable claim based upon any oral agreement to share fees.

Even more importantly, however, the Court finds that Dean has miscomprehended the significance of the bankruptcy filing. Once the debtor filed her petition under chapter 7 on May 20, 1994, any potential claim the debtor had against the insurance company became vested in the debtor's bankruptcy estate. The trustee in bankruptcy, as the representative of the bankruptcy estate, became the "client." Dean was not free to make oral agreements for compensation without the knowledge and agreement of the trustee. Indeed, all of the players here were acting at their own peril by ignoring the significance of the identity of their client. Without the later ratification and adoption by the trustee of the fee contract of April 1, 1998, the other parties in this dispute would also find themselves in a difficult position. Attorneys for persons who have filed bankruptcy are not free to continue to take actions in a cause of action which belongs to the bankruptcy estate without the authority granted by an appointment as special counsel.

In conclusion, the application of Martha Dean for the allowance of an administrative expense against the bankruptcy estate is **DENIED** consistent with the findings in this opinion.

**IT IS SO ORDERED.**