In re Steven A. **COOPER**, Sr., Debtor.

**Elizabeth H. Doucet, Trustee, Plaintiff,**

**v.**

**Steven A. Cooper, et al., Defendant.**

Bankruptcy No. 98–55197.
Adversary No. 00–0016.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 22, 2001.

Elizabeth H. Doucet, Nicole S. Moss, Douglas M. Dahmer, Elizabeth H. Doucet & Associates, Co., L.P.A., Columbus, OH, for Plaintiff/Trustee.

Sara J. Daneman, Gahanna, OH, for Defendant Michael T. Irwin.

Amy T. Kerns, Columbus, OH, for Debtor.

### *OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of plaintiff Elizabeth H. Doucet, the chapter 7 trustee, for summary judgment against defendant Michael T. Irwin. The defendant opposed the motion.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(E).

The trustee commenced this action on January 26, 2000, seeking the turnover of proceeds from a personal injury settlement, as well as the revocation of the debtor's discharge. The debtor, Steven A. Cooper, failed to answer or otherwise plead; and, upon the trustee's motion, the Court entered a judgment by default for the entire settlement proceeds of $13,000. The default judgment also revoked the debtor's discharge.

The trustee now seeks to compel turnover of the $13,000 from defendant Irwin, together with attorney's fees she incurred as the alleged result of his failure to turn over the proceeds upon her demand. Defendant Irwin maintains that the only monies arguably subject to turnover are the proceeds he obtained as his attorney's fees. He further seeks to retain these fees under a *quantum meruit* theory. He denies that the trustee is entitled to recover attorney's fees from him even should her turnover action succeed.

Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Bankruptcy Rule 7056. It provides that summary judgment "shall be rendered forthwith if the pleadings, depo-

sitions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Court finds the following facts not to be in dispute:

1. The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on May 28, 1998.

2. At the time of his bankruptcy filing, the debtor possessed a personal injury claim.

3. The plaintiff was appointed and remains the trustee for the debtor's chapter 7 bankruptcy estate.

4. Prior to his bankruptcy filing, the debtor employed defendant Irwin on a one-third contingent fee basis to represent him in the personal injury matter.

5. Defendant Irwin became aware of the debtor's chapter 7 case on or about February 26, 1999.

6. Defendant Irwin was at no time appointed to represent the trustee in pursuit of the prepetition personal injury claim.

7. After becoming aware of the debtor's bankruptcy case, defendant Irwin purported to settle the debtor's personal injury claim for the sum of $13,000.

8. On May 10, 1999, defendant Irwin distributed the settlement proceeds. From the $13,000, the debtor received $8,505.94 and defendant Irwin retained $4,333.33 as his attorney's fees under the contingency agreement. The remainder of $160.73 went to medical providers and/or for other expenses.

9. Despite demand from the trustee, defendant Irwin has refused to turn over any portion of the settlement proceeds.

■ Title 11, United States Code, Section 542(a) provides:

... an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Prepetition personal injury claims, as well as the settlement proceeds from such claims are property of the bankruptcy estate. *Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 981 (4th Cir.1984). Accordingly, the trustee may use these proceeds pursuant to 11 U.S.C. § 363(b)(1). The Court also concludes, as a matter of law, that $13,000 would not be of inconsequential value to this estate.

■ This Court and this circuit have held that appointment under 11 U.S.C. § 327 is a prerequisite for the allowance and payment of any professional fees pursuant to 11 U.S.C. § 330. *Michel v. Federated Dept. Stores (In re Federated Dept. Stores)*, 44 F.3d 1310, 1320 (6th Cir.1995), and *In re Foster*, 247 B.R. 731, 733 (Bankr. S.D.Ohio 2000). Attorneys, such as defendant Irwin, are simply not free to continue to take actions involving claims which belong to the bankruptcy estate without the authority granted by an appointment as special counsel. *See Foster* at 734. By settling the personal injury claim without the Court's or the trustee's approval, the debtor and defendant Irwin interfered with this Court's exclusive jurisdiction over property of the estate; violated the automatic stay by exercising control over the property for purposes of 11 U.S.C. § 362(a)(3); breached the debtor's duty to cooperate with the trustee under 11 U.S.C. § 521(3); interfered with any meaningful opportunity by the trustee to object to the

debtor's claim of exemption; obstructed the trustee in prosecuting the personal injury claim as the proper representative of the bankruptcy estate; and denied interested parties their right to be heard concerning the reasonableness of the settlement. *See In re Stinson,* 221 B.R. 726, 729–32 (Bankr.E.D.Mich.1998).

As a remedy for this unlawful conduct, the Court already has denied the debtor's claim of exemption, entered judgment against the debtor for the entire $13,000, and revoked the debtor's discharge. These actions are similar to the ones imposed by the *Stinson* court. *Id.* at 728. In addition, the court in *Stinson* ordered the debtor's attorney to turn over whatever fee he had received and imposed joint and several liability on the debtor and his attorney to the extent of the fees. *Id.*

Other courts have gone further to hold that a debtor's attorney who has knowledge of the bankruptcy and who exercises control over the settlement proceeds during the pendency of the case is liable, jointly and severally with the debtor, for the full value of the proceeds, even though such proceeds were no longer under his control at the time of the trustee's demand for turnover. *See e.g. Hunter v. Patton (In re Patton),* 200 B.R. 172 (Bankr. N.D.Ohio 1996). Section 542(a) requires the delivery of property of the estate *or the value thereof. Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Products, Inc.),* 100 F.3d 53, 56 (7th Cir.1996) (emphasis added). An attorney, therefore, must deliver up the value or the property he possessed even if he no longer possesses it. *Id.* To hold otherwise would mean that a possessor of property of the estate, upon receiving a demand for turnover, could thwart the demand simply by transferring the property to somebody else. *Id.*

The only defense of which the attorney may avail himself is the defense of lack of notice and actual knowledge of the bankruptcy provided by § 542(c). *Id.* This statute has supplanted any equitable defense such as a good faith belief on the part of the attorney that the proceeds were not property of the estate. *Id., see also Borock v. Mathis (In re Clipper International Corp.),* 154 F.3d 565, 568–69 (6th Cir.1998).

■ Based on the foregoing analysis, this Court concludes that defendant Irwin is liable, jointly and severally with the debtor, for the full value of the settlement proceeds under § 542(a). In light of this determination, the Court finds it unnecessary to consider the trustee's claim, in the alternative, that defendant Irwin is liable for the proceeds as a "custodian" under § 543.

■ Lastly, the Court concludes that the trustee has not demonstrated as a matter of law that she is entitled to recover her attorney's fees from defendant Irwin. Given the uncomplicated nature of this turnover action and the amount of fees purportedly generated, the Court finds that genuine issues of material fact would clearly exist with respect to the reasonableness of the trustee's fees even if such fees were deemed to be recoverable.

For the foregoing reasons, the trustee's motion for summary judgment is GRANTED in part. Judgment shall be entered in favor of the trustee and against defendant Irwin for $13,000 plus prejudgment interest at the legal rate from January 26, 2000. The trustee's motion to strike the affidavits of defendant Irwin and Tami S. Downs are DENIED as moot as the Court rejected any argument that defendant Irwin could recover attorney's fees based on *quantum meruit.*

**IT IS SO ORDERED.**

### JUDGMENT ENTRY

In accordance with the Opinion and Order on Plaintiff's Motion for Summary Judgment entered this date, judgment is hereby entered in favor of Elizabeth H. Doucet, Trustee and against Michael T. Irwin for the sum of $13,000 plus prejudgment interest from January 26, 2000. This judgment shall be joint and several with the default judgment against the debtor, Steven A. Cooper, entered on June 8, 2000. **IT IS SO ORDERED.**