In re: Michael MARVE, Debtor,

**Michael Marve, Plaintiff–Appellant,**

v.

**Randall L. Frank, Defendant–Appellee.**

No. 01–2146.

United States Court of Appeals,
Sixth Circuit.

Aug. 16, 2002.

Before DAVID A. NELSON, Senior Circuit Judge, and BOGGS and NORRIS, Circuit Judges.

*ORDER*

Michael Marve, a Michigan litigant proceeding pro se, appeals a district court order affirming in part, and reversing in part, that part of a March 2, 2001, bankruptcy court opinion and order surcharging $1,689.86 against Marve's $16,150.00 homestead exemption interest in an Otisville, Michigan residential property once owned by Marve and his ex-wife Denise Marve. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The circumstances underlying this bankruptcy appeal are adequately set forth in the bankruptcy court's March 2, 2001, order and will be reiterated herein only to the extent necessary to resolve this appeal. On June 9, 1999, the Chapter 7 bankruptcy trustee was ordered to sell the residential property in question, which was co-owned by Marve and his ex-wife, subject to, *inter alia,* Marve's $16,150.00 exemption in the property. *See* 11 U.S.C. § 522(d)(1). The trustee ·listed the home for sale with realtor Diane Burdgick. On March 9, 2000, Marve was ordered to vacate the home by no later than March 13, 2000, because he was interfering with the trustee's ability to sell the property. In May 2000, the trustee approved a proposed sale of the home. The bankruptcy court approved that sale by order of June 15, 2000. The sale was completed on June 30, 2000, generating a net return of $38,050.61.

On July 18, 2000, Marve filed a motion for disbursement of his $16,150.00 exempt share of the net proceeds. The trustee countered that the bankruptcy court should surcharge Marve's exempt share for the debts the bankruptcy estate incurred from Marve's post-petition conduct in delaying the sale of the home. The bankruptcy court found that Marve intentionally misrepresented conditions of the home to potential purchasers on December 19, 1999, in an effort to prevent the trustee from selling the home, violating the duty of the debtor under 11 U.S.C. § 521(3) to

"cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." The bankruptcy court also determined that Marve's failure to cooperate continued to impede the trustee's efforts to sell the home for another 86 days, until March 13, 2000, when Marve moved out of the home under court order. The bankruptcy court found that the trustee incurred total additional carrying costs over the 86–day period of $1,689.85. The bankruptcy court erred in its original calculation. The calculation actually yields a result of $1,649.48. The bankruptcy court also honored an August 29, 2000 state court order entered in the divorce proceedings which required Marve vis-a-vis the trustee to pay Marve's ex-wife an additional $6,612.47 share of Marve's exemption. The bankruptcy court ordered the trustee to disburse $7,847.68 to Marve, calculated as the $16,150.00 exemption, less the $1,689.85 surcharge, less $6,612.47 to be paid to Marve's ex-wife pursuant to the state court order.

The district court affirmed the bankruptcy court's order, in part, as to the finding that Marve should be surcharged for interfering with the trustee's duty to sell the property. However, the district court reversed, in part, the bankruptcy court's order to the extent that the bankruptcy court found that Marve misrepresented the home's condition on December 19, 1999. The district court held that neither the record, Burdgick's testimony, nor other record evidence support a finding that Marve made any type of representation on December 19, 1999. The court decreased the surcharge amount from $1,689.85 to $1,515.22 (based on a 79–day delay from December 26, 1999 to March 13, 2000). This timely appeal followed.

We review *de novo* the district court's determinations of law made in reviewing the bankruptcy court's decision. *See In-*

*vestors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir.1993). The bankruptcy court's findings of fact are reviewed for clear error. *See Mfr.'s Hanover Trust v. Ward (In re Ward)*, 857 F.2d 1082, 1083 (6th Cir.1988). " 'A finding [of fact] is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

Upon review, this court is not left with a definite and firm conviction that the bankruptcy court was mistaken in finding that Marve intentionally failed to cooperate with the trustee's efforts to sell the Otisville home. The Bankruptcy Code specifically provides that the role of the debtor is to cooperate with the trustee as necessary to enable the trustee to perform his duties. *See* 11 U.S.C. § 521(3). A bankruptcy court may sanction a debtor for violating the debtor's statutory duty to cooperate with the trustee. *See In re Stinson*, 221 B.R. 726, 729 (Bankr.E.D.Mich.1998) (citing *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir.1996)); *In re Swanson*, 207 B.R. 76, 80 (Bankr.D.N.J.1997). Here, Realtor Burdgick's testimony established that, in December 1999, Marve stopped cooperating with the trustee by failing to return repeated telephone calls and failing to appear for scheduled home inspections. Burdgick specifically testified that, from December 26, 1999 until after Marve moved out of the home on March 13, 2000, "we didn't have access at all to the house." When considering whether findings of fact should be set aside, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the wit-

nesses." Fed. R. Bank. P. 8013. Given the foregoing, we conclude that ample evidence supports the bankruptcy court's finding that Marve violated his duty to cooperate with the trustee from December 26, 1999 to March 13, 2000.

Accordingly, the district court's order affirming in part, and reversing in part, the bankruptcy court's March 2, 2001 order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.