In re Barbara Jean SMITH,
pro se, Debtor.

Michigan First Credit Union, Plaintiff,

v.

Barbara Jean Smith, Defendant.

Bankruptcy No. 12–51813.
Adversary No. 12–5492.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

April 10, 2013.

Tamara A. White, Holzman Corkery, PLLC, Southfield, MI, for Plaintiff.

Kurt Thornbladh, Thornbladh Legal Group, PLLC, Dearborn, MI, for Defendant.

## OPINION AND ORDER DISMISSING DEFENDANT'S "COMPULSORY COUNTER–CLAIM[S]," AND DENYING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIMS AS MOOT

THOMAS J. TUCKER, Bankruptcy Judge.

The Defendant in this adversary proceeding filed counterclaims against the Plaintiff, consisting of seven counts (Counts I through VII), which Defendant labeled a "Compulsory Counter–Claim." (Docket # 8 at 6–11). Plaintiff filed a motion to dismiss the counterclaims, entitled "Motion To Dismiss The 'Defendant's Compulsory Counter–Claim Rule 13(a)(2)(A).' " (Docket # 13, the "Motion").

The Court concludes that a hearing on the Motion is not necessary; that the Defendant's counterclaims must be dismissed for reasons other than those argued in the Motion; and that upon such dismissal, the Motion should be denied as moot.

■ The counterclaims that Defendant is asserting in this adversary proceeding all arose before Defendant filed her pending Chapter 7 bankruptcy case. As a result, all of the counterclaims are property

of the bankruptcy estate in the Chapter 7 case. This means that unless and until the Chapter 7 Trustee abandons these claims under 11 U.S.C. § 554, only the Chapter 7 Trustee has standing and authority to pursue these claims. *See, e.g., Auday v. Wet Seal Retail, Inc.,* 698 F.3d 902, 904 (6th Cir.2012); *In re Stinson,* 221 B.R. 726, 729, 731 & n. 3 (Bankr.E.D.Mich.1998).

■ To date, Defendant has not claimed any exemption in the counterclaims,[1] and the Chapter 7 Trustee has not abandoned the claims.[2] Therefore, only the Chapter 7 Trustee may prosecute the claims, and Defendant's continuing prosecution of these claims would violate the automatic stay, under 11 U.S.C. § 362(a)(3). *See Stinson,* 221 B.R. at 730–31. And as matters currently stand, even if the bankruptcy case were closed (which it will not be while this adversary proceeding remains pending,) the counterclaims would not be deemed abandoned by the Chapter 7 Trustee under 11 U.S.C. § 554(c), because Defendant has not listed the claims in her Schedule B filed in her bankruptcy case.[3] *See* 11 U.S.C. §§ 554(c) and (d); *Auday,* 698 F.3d at 905.

For the reasons stated above,

IT IS ORDERED that:

1. All of Defendant's counterclaims in her "Compulsory Counter–Claim" (Docket # 8) are dismissed.

2. Plaintiff's Motion (Docket # 13) is denied, as moot.

---

1. *See* Debtor's Schedule C (Docket # 1 in Case No. 12–51813, at pdf p. 10).

2. It is true that the Trustee filed a so-called "no distribution" report in the bankruptcy case, on July 3, 2012. But this does not constitute an abandonment of any property of the bankruptcy estate under any of the provisions of 11 U.S.C. § 554. *See, e.g., Auday,* 698 F.3d at 905 (abandonment under 11 U.S.C. § 554(a) "requires notice to the creditors and, if any object, the bankruptcy court must hold a hearing.")

3. *See* Debtor's Schedule B (Docket # 1 in Case No. 12–51813, at pdf pp. 7–9).