**IN RE: Andrii GARAK and Svitlana Garak, Debtors.**

**Ukrainian Future Credit Union, Plaintiff,**

**v.**

**Andrii Garak and Svitlana Garak, Defendants.**

**Case No. 16–54081**
**Adv. Pro. No. 17–4074**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed March 21, 2017

James W. Bigelow, Sterling Heights, MI, for Plaintiff.

Harvey Altus, Farmington Hills, MI, for Defendants.

25, 2016. Therefore, any subsequent orders are not properly raised in this appeal.

## OPINION AND ORDER DISMISSING DEFENDANTS' COUNTER-CLAIMS CONTAINED IN THEIR "COUNTER–COMPLAINT"

Thomas J. Tucker, United States Bankruptcy Judge

This adversary proceeding came before the Court for an initial scheduling conference on March 20, 2017. During that conference, Defendants' counsel acknowledged that the counterclaims Defendants filed against the Plaintiff, consisting of six counts (Counts I through V),[1] which Defendants labeled as a "Counter–Complaint" (Docket # 15), are property of the bankruptcy estate in the Defendants' related Chapter 7 case, which until March 20, 2017 were neither scheduled nor claimed as exempt.

■ The Court concludes that the Defendants' counterclaims must be dismissed for the following reasons. As Defendants' counsel admitted during the March 20, 2017 scheduling conference, the counterclaims that Defendants are asserting arose before Defendants filed their pending Chapter 7 bankruptcy case. As a result, all of the counterclaims are property of the bankruptcy estate in the Chapter 7 case. This means that unless and until the Chapter 7 Trustee abandons these claims under 11 U.S.C. § 554, or the claims otherwise are no longer property of the bankruptcy estate, only the Chapter 7 Trustee has standing and authority to pursue these claims. *See, e.g., Auday v. Wet Seal Retail, Inc.,* 698 F.3d 902, 904 (6th Cir. 2012); *Michigan First Credit Union v. Smith (In re Smith),* 501 B.R. 325, 325–26 (Bankr. E.D. Mich. 2013); *In re Stinson,* 221 B.R. 726, 729, 731 & n.3 (Bankr. E.D. Mich. 1998).

After the initial scheduling conference on March 20, 2017, Defendants filed amended schedules in their bankruptcy case, which listed their counterclaims against the Plaintiff and stated the value of those counterclaims as "unknown."[2] Defendants also file amended Schedules C which claimed exemptions in the counterclaims in the amounts of $1,698.05 (Andrii Garak's claimed exemption) and $2,531.07 (Svitlana Garak's claimed exemption) for a total of $4,229.12 in claimed exemptions.[3]

■ Such exemptions cannot yet be deemed allowed in any amount, however, because Federal Rule of Bankruptcy Procedure 4003 gives parties in interest and the Chapter 7 trustee 30 days to object to any amended claims of exemptions. *See* Fed. R. Bankr. P. 4003(b)(1).

■ As matters currently stand, only the Chapter 7 Trustee may prosecute the counterclaims, and Defendants' continuing prosecution of these claims would violate the automatic stay, under 11 U.S.C. § 362(a)(3). *See Smith,* 501 B.R. at 326; *Stinson,* 221 B.R. at 730–31.

Accordingly,

IT IS ORDERED that all of Defendants' counterclaims in their "Counter–Complaint" (Docket # 15) are dismissed, without prejudice to the right of the Chapter 7 Trustee to file and prosecute such claims, and without prejudice to the right of the Debtors/Defendants to file and prosecute such claims if, after, and to the extent that the claims are no longer prop-

---

1. The counter-complaint erroneously labels two different counts "Count IV" ("COUNT IV STATUTORY/REGULATORY VIOLATIONS FOR UNFAIR AND DECEPTIVE PRACTICES" and "COUNT IV CONCERT OF ACTION/CIVIL CONSPIRACY").

2. *See* Debtors' amended Schedules A/B (Docket # 26 in Case No. 16–54081) at pdf p. 5.

3. *See* Debtors' amended Schedules C (Docket # 26 in Case No. 16–54081) at pdf p. 8, 10.

erty of the bankruptcy estate in Defendants' related bankruptcy case.