PER CURIAM.
 

 This case raises the question when a debtor may amend his filed schedules to add to the list of exempted property. We hold that under Rule 110 of the old Federal Rules of Bankruptcy Procedure and Rule 1009 of the new Rules the debtor may amend his list as a matter of course at any time before the close of the case.
 

 The debtors, Frederick C. and Carliss Jean Lucius, filed a voluntary petition in bankruptcy on October 20, 1982. The Luci-uses filed a Schedule B-4, claiming as exempt property clothing, household goods and furnishings, and an income tax refund. The Luciuses also filed statements indicating that they owned two vehicles, a Dodge van and a Buick, and that a bank held a security interest in the Buick.
 

 The creditors’ meeting was held on December 16, 1982. The bank did not participate and, upon inquiry by the trustee, stated that the Luciuses’ obligation had been paid in full previously. The trustee then asked the Luciuses to surrender the two vehicles; counsel responded that the Luci-uses had moved to Minnesota, taking the vehicles with them.
 

 On January 18, 1983, the trustee filed suit against the Luciuses to prevent their discharge in bankruptcy, and to obtain the vehicles; the Luciuses were served with the complaint on February 4, 1983. At a pretrial conference, the trustee conceded that the Luciuses did not move the vehicles with the intent to hinder or delay the trustee’s administration of the estate, but contended that their refusal to surrender the vehicle was producing that effect.
 

 On February 7, 1983, the Luciuses filed a petition with the Bankruptcy Court to amend the schedule of exemptions to add the vehicles. The trustee objected to the proposed amendment as untimely. The bankruptcy judge, as standing master, filed a report recommending that the petition be denied. Although the Luciuses objected to the report, the District Court denied the petition as untimely. This order is now on appeal before this Court.
 

 Rule 110 of the old Federal Rules of Bankruptcy Procedure, in effect when this case was heard, provided, “A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed.”
 
 [1]
 
 The courts in the Middle District of Tennessee have held that Rule 110 was effectively rescinded by its conflict with 11 U.S.C. § 522{l), which states:
 

 The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.
 

 These courts have reasoned that section 522(l), by requiring that parties in interest be given time to object to proposed exemptions, limited the time during which exemptions can be claimed as of right to the 15-day period for objections established by former Rule 403.
 
 See, e.g., In re Williams,
 
 26 B.R. 741 (Bankr.M.D.Tenn.1982);
 
 In re Brewer,
 
 17 B.R. 186 (Bankr.M.D.Tenn.), aff
 
 'd,
 
 22 B.R. 983 (M.D.Tenn.1982).
 

 Rule 110 has been adopted without substantive change as Rule 1009 of the (new)
 
 *127
 
 Federal Rules of Bankruptcy Procedure, effective August 1, 1983: “A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed.” This readoption indicates that Congress perceived no inconsistency between this rule and the Bankruptcy Code, including section 522(Z). The Advisory Committee Note to Rule 1009 reaffirms the legislative intent to allow amendment as a matter of course for schedules, including lists of exempt property.
 

 This rule continues the permissive approach adopted by former Bankruptcy Rule 110 to amendments of voluntary petitions
 
 and accompanying papers. Notice of any amendment is required to be given to the trustee. This is particularly
 
 important with respect to any amendment of the schedule of property affecting the debtor’s claim of exemptions.
 

 (Emphasis added.)
 

 This “permissive approach,” allowing amendment at any time before the case is closed and denying courts discretion to reject amendments, has been endorsed in several circuits.
 
 See Shirkey v. Leake,
 
 715 F.2d 859, 863 (4th Cir.1983);
 
 In re Doan,
 
 672 F.2d 831, 833 (11th Cir.1982);
 
 In re Gershenbaum,
 
 598 F.2d 779 (3d Cir.1979);
 
 In re Andermahr,
 
 30 B.R. 532 (Bankr. 9th Cir.1983).
 
 [2]
 
 Courts may still refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed.
 
 See Doan,
 
 672 F.2d at 833. Moreover, under § 522(Z) the proposed exemptions are subject to objection by a party in interest.
 
 See, e.g., Andermahr,
 
 30 B.R. at 534;
 
 In re Maxwell,
 
 5 B.R. 58 (Bankr.N.D.Ga.1980).
 

 Accordingly, we reverse the order of the District Court denying the debtors’ application to amend their Schedule B-4 and remand for further proceedings.
 

 [1]
 

 . Local Rule 15 of the United States Bankruptcy Court for the Middle District of Tennessee, deleted March 1, 1984, implemented Rule 110.
 

 [2]
 

 . The bankruptcy judge who originally acted as standing master in this case has recently indicated that he now believes that the precedents of the Middle District of Tennessee rejecting a right to amend under Rule 110, upon which he presumably based his recommendation in this case, no longer have validity.
 
 See In re Davis,
 
 38 B.R. 585 (Bankr.M.D.Tenn.1984) (Lundin, J.).