CUDAHY, Circuit Judge,
dissenting in part.
I agree that honest reporting is very important for the successful operation of the bankruptcy system. But the majority seems to have lost sight of the fact that the purpose of insurance is to permit replacement of the articles destroyed. Had there been no fire, the bankrupts would in all probability have been able to continue housekeeping with their existing furniture, dishes and small appliances. Now they must somehow replace these items for $715 or eat with their fingers off the floor.
I cannot accept the speculation of the majority that a more accurate listing of major appliances would have led the trustee to doubt the value placed on furniture, dishes and small appliances. It is not fair to engage in guesswork which simply results in a windfall to the creditors because the small household goods burned up in a fire. The bankrupts, not the creditors, had the foresight to get the insurance and to pay the premiums. Since there is no plausible theory under which the debtors are not entitled to the furniture, dishes and small appliances, they are entitled to the funds to replace those essential household items.[1] They are certainly entitled to this much of a “fresh start.” I therefore respectfully dissent as to the matters discussed.[2]

. In fact, the majority concedes that, "the Paynes get whatever the proceeds happen to be for the property that was exempted.” Slip op. at 204.

. In addition, under Rule 1009 of the Federal Rules of Bankruptcy Procedure a debtor may amend any schedule “as a matter of course at any time before the case is closed," including lists of exempt property. Lucius v. McLemore, 741 F.2d 125, 127 (6th Cir.1984) (per curiam). Of course, the debtor must make a request to invoke Rule 1009. Such an amendment would, in my view, meet the majority’s concern as to what items are attributable to the categorical listing of furniture, dishes and small appliances, as well as its query about those other items that properly could be claimed as exempt (e.g., the encyclopedia). The debtors may well be entitled to additional proceeds under this approach.