782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MORTON DAVID AVERILL, Plaintiff-Appellant,
v.
ROBERT I. LEECH, CHAPTER 7 TRUSTEE Defendant-Appellee.
 84-1574
 United States Court of Appeals, Sixth Circuit.
 12/2/85
 
 BEFORE: KEITH and KENNEDY, Circuit Judges and EDWARDS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-Debtor, Morton Averill, appeals from a district court order affirming a Bankruptcy Court decision denying his motion to amend a Schedule B-4 listing plaintiff's property to be exempted from trustee jurisdiction under Chapter 7 of the Bankruptcy Code. Plaintiff filed a petition in bankruptcy on November 9, 1981. On December 18, 1981 the hearing of creditors was held and the trustee issued his Report of Exempt Property on February 5, 1982. On the same day, the trustee also requested that plaintiff submit his 1981 Income Tax refund to the trustee's office. On March 8, 1982, plaintiff filed his first Application to Extend Time for Filing Amendments to Debtor's B-4 Exemption under local Bankruptcy Rule 6. The bankruptcy court clerk determined that plaintiff was required by local General Order No. 1 to file the application as an out of time motion under Federal Bankruptcy Rule of Procedure 906(b). General Order No. 1 required all Schedule B-4 amendments be filed within twenty days after the first date set for the meeting of creditors. The Bankruptcy Court concluded plaintiff had failed to show excusable neglect for filing the untimely application to amend and dismissed the application. Plaintiff filed a Motion for Rehearing, challenging the validity of General Order No. 1 on April 5, 1982. On appeal to the United States District Court for the Eastern District of Michigan, plaintiff argued that under Federal Bankruptcy Rule 110, a debtor is allowed to amend a Schedule B-4 any time until the case is closed. The district court remanded the case to the bankruptcy court for rehearing. Plaintiff filed a premature appeal to this Court which remanded the case to the bankruptcy court for rehearing. On rehearing, the bankruptcy court again recommended dismissal of plaintiff's application to amend as inexcusably late. On July 18, 1984, the district court entered the order dismissing plaintiff's application. We reverse and remand this judgment for the reasons set forth below.
 
 
 2
 The issue on appeal is whether under the Federal Bankruptcy Rules, a debtor may, as a matter of course, amend his B-4 Schedules at any time before the close of the case, local bankruptcy rules to the contrary notwithstanding. Subsequent to the district court decision in this case, this Court ruled in Lucius v. McLemore, 741 F.2d 125 (6th Cir. 1984), that under the old Bankruptcy Rule 110 and the new Bankruptcy Rule 1009 of the Federal Rules of Bankruptcy Procedure, a debtor is allowed to amend voluntary schedules at any time before the case is closed and the courts are denied discretion to reject such amendments. Lucius v. McLemore, 741 F.2d at 127. As the district court and bankruptcy court did not have the benefit of this Court's ruling in Lucius v. McLemore at the time plaintiff was denied leave to amend, the order of the district court denying plaintiff's application to amend his Schedule B-4 is reversed and remanded for further proceedings.