**In re Randy B. LUNDY, Debtor.**

**Bankruptcy No. 96–56458–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Jan. 30, 1998.

Marshall Schultz, Southfield, MI, for Debtor.

Gene Kohut, Southfield, MI, for Trustee.

## MEMORANDUM OPINION SUSTAINING OBJECTION TO EXEMPTION

STEVEN W. RHODES, Chief Judge.

This matter is before the Court on the trustee's objection to the debtor's amended claim of exemption. For the reasons set forth below, the trustee's objection is sustained.[1]

### I. Background

In April, 1995, the debtor was involved in an automobile accident. On October 9, 1996, the debtor entered into an agreement with the law firm of Bohnenstiehl & Luxon, P.C. to represent him in a personal injury lawsuit for injuries suffered in the accident. On December 6, 1996, the debtor filed for chapter 13 relief. The debtor did not list the claim on his schedules, although no lawsuit had been filed as of that date. The meeting of creditors was held January 13, 1997. The chapter 13 plan was confirmed on March 20, 1997.

On June 16, 1997, the debtor filed a notice of voluntary conversion. The case was converted to chapter 7 by order dated June 24, 1997. A trustee was appointed and the meeting of creditors was scheduled for September 2, 1997. At the meeting of creditors,

---

1. This opinion supplements the November 18, 1997 opinion given in open court.

the debtor disclosed for the first time that he had filed a personal injury lawsuit.

On September 10, 1997, the debtor filed a statement of purpose to amend his schedules in part to add the personal injury lawsuit to his list of personal property. The debtor also claimed a $22,500 exemption in his interest in the lawsuit pursuant to §§ 522(d)(5) and (11). The trustee filed an objection to the proposed amendment and exemption arguing that the debtor had acted in bad faith by not disclosing the asset on his schedules and by waiting six months after filing the personal injury lawsuit before he disclosed it at the meeting of creditors.

## II. Discussion

■■■ Pursuant to Federal Rule of Bankruptcy Procedure 1009, a debtor may amend a voluntary petition as a matter of course any time before the case is closed. Fed. R.Bankr.P. 1009(a); *Lucius v. McLemore,* 741 F.2d 125, 126 (6th Cir.1984). Rule 1009 "adopts a permissive approach that freely allows amendments to lists or schedules without court permission at any time during the case." *In re Talmo,* 185 B.R. 637, 644 (Bankr.S.D.Fla.1995). This permissive approach is not without limits. The court may disallow amendments based on a finding of bad faith or prejudice to creditors. *Lucius v. McLemore,* 741 F.2d at 127; *In re Yonikus,* 996 F.2d 866 (7th Cir.1993); *In re Sumerell,* 194 B.R. 818, 832 (Bankr.E.D.Tenn.1996). Bad faith may be indicated when the debtor attempts to conceal an asset. *See Hardage v. Herring Nat'l Bank,* 837 F.2d 1319, 1324 (5th Cir.1988); *In re Cudeyro,* 213 B.R. 910, 918 (Bankr.E.D.Pa.1997). A bad faith determination should be based on the totality of the circumstances, including both prepetition and postpetition conduct of the debtor. *In re Clemmer,* 184 B.R. 935 (Bankr.E.D.Tenn. 1995).

■■ In the present case, the debtor retained the services of Ray Bohnenstiehl in October 1996 to represent him in his personal injury action. Two months later, the debtor, represented by bankruptcy counsel, filed his chapter 13 petition, and failed to list the claim as an asset. The debtor did not disclose the lawsuit at the meeting of creditors held January 13, 1997. The debtor's chapter 13 case was confirmed on March 20, 1997, the same day the personal injury lawsuit was commenced on behalf of the debtor. On three separate occasions (December 10, 1996, January 31, 1997, and June 16, 1997), the debtor filed Statements of Purpose to Amend his schedules. In none of those amendments, however, did the debtor seek to add the lawsuit to his list of assets. It was not until the September 2, 1997 meeting of creditors, after the case had been converted to chapter 7, that the debtor disclosed that he had a lawsuit pending. On September 10, 1997, the debtor finally sought to amend his schedules to add this asset and claim it as exempt.

The trustee testified that he conducted the § 341 examination of the debtor on September 2, 1997. (Transcript of November 18, 1997 hearing at 8.) The trustee stated that his usual opening remarks at a § 341 examination consist of informing the debtors that they are obligated to voluntarily disclose any assets they have and if they fail to do so they may lose their exemption rights or be denied their discharge or their discharge may be revoked. (Tr. at 9–10.) The trustee testified that when the debtor's case was called, the debtor's counsel disclosed that the debtor had a lawsuit that had previously been undisclosed. Further, the debtor informed the trustee that a deposition was scheduled in that lawsuit the next day. (Tr. at 7.)

The debtor testified he did not initially list the lawsuit because it was his understanding that it was not a pending lawsuit. (Tr. at 19.) The debtor further testified that he was not aware that the lawsuit had been filed until sometime after it was filed. (Tr. at 20.) However, he does not know when his personal injury attorney informed him that the lawsuit had been filed. (Tr. at 22.) The debtor received notices of scheduled depositions relating to the lawsuit, but he does not recall when. (Tr. at 24.) The debtor testified that he did not tell his bankruptcy attorney that he had received phone calls from his personal injury attorney's secretary regarding deposition dates because he assumed the attorneys were in contact with each other, so he did not think to inform his bankruptcy attorney. (Tr. at 25.) The debtor also testi-

fied that he did not read the schedules before signing them (Tr. at 28), and he did not remember if anyone read them to him. (Tr. at 29.)

Under the circumstances, the Court finds that the debtor acted in bad faith in failing to disclose his personal injury claim prior to the second meeting of creditors. The debtor's attorney asserted that the debtor suffered from memory problems as a result of the accident, however, there was no evidence presented regarding the extent of the debtor's memory loss or the effect it has upon the debtor's functioning.

This case is clearly distinguishable from those where the debtor's failure to list an asset was the result of mere oversight. *See In re Monahan*, 171 B.R. 710, 715 (Bankr. D.N.H.1994) (failure to list insurance policy was mere oversight in not recognizing that it had a cash value); *In re Ball*, 201 B.R. 204, 207 (Bankr.N.D.Ill.1996) (failure to list claim was due to attorney's oversight, not debtor's bad faith). Here, it appears that the debtor only chose to disclose the lawsuit when faced with the threat of a loss of exemption rights or his discharge, and that his disclosure was prompted by the trustee's opening remarks at the § 341 hearing.

The Court finds the following quote particularly relevant in this case:

> The [debtor's] omissions from the initial list suggest that [he] meant to hide assets if [he] could get away with it.... The operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive.... When it is hard to detect an effort to evade the law, the penalty must exceed the profits of the evasion. So, here, it is too late for the [debtor] to start over and ask the court to apportion the proceeds as if [he] had filed a complete schedule in the first instance.

*Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985) (citations omitted), *quoted in In re St. Angelo*, 189 B.R. 24, 27 (Bankr.D.R.I.1995).

The Court also notes that the debtor's failure to read the schedules before signing them indicates a complete disregard for the duty of honesty imposed by the Bankruptcy Code. *See In re Beshears*, 196 B.R. 468, 476 (Bankr.E.D.Ark.1996).

Accordingly, because the debtor acted in bad faith in failing to disclose this asset, his claim of exemption of his interest in the lawsuit is denied.