**In re Darlene K. ASBURY, Debtor.**

**No. 99–59957.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 6, 2001.

Thomas McK. Hazlett, Harper & Hazlett, St. Clairsville, OH, Chapter 7 Trustee.

D. William Davis, Bridgeport, OH, for Debtor.

*OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTION*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to the amended claims

of exemption and the debtor's response. The Court heard the matter on December 22, 2000.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(B).

The debtor amended her schedule C on July 27, 2000, in response to the trustee's demand that she turn over $1,337.50 of her 1999 federal income tax refund. This turnover demand took into account the remaining $300 exemption to which the debtor was entitled under Ohio Rev.Code § 2329.66(A)(4)(a).

In her original schedule C, the debtor claimed a $100 balance in her checking account as exempt under § 2329.66(A)(4)(a). She applied her wild-card exemption of $400 to her Chevrolet Cavalier. She valued this automobile at $2,000 of which $1,400 was claimed exempt. The $1,400 also included her $1,000 exemption under § 2329.66(a)(2).

In her amended schedule C, the debtor deleted the $100 for her checking account and applied the full $400 exemption under § 2329.66(A)(4)(a) to her 1999 tax refund. She also removed the $400 wild-card exemption from the Chevrolet Cavalier and applied this amount to her tax refund, as well.

The trustee represents that his decision not to administer the Chevrolet Cavalier was based on the fact that there appeared to be only $600 in non-exempt equity. He further contends that had the debtor not used her wild-card exemption on the automobile, his decision would have been different.

■ Rule 1009 of the Federal Rules of Bankruptcy Procedure provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." The Sixth Circuit has endorsed a "permissive approach" to allowing amendments to claims of exemptions. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir.1984). Under this approach, courts may still disallow an amendment where the debtor has acted in bad faith or has concealed property. *Id.* Even in the absence of bad faith or concealment of property, an amendment might not be allowed if the objecting party could show a resulting prejudice to creditors. *Doan v. Hudgins (Matter of Doan)*, 672 F.2d 831, 833 (11th Cir.1982).

■ The evidence adduced at the hearing did not establish that the debtor acted in bad faith or concealed assets of her bankruptcy estate. Therefore, she may amend her claims of exemption unless the trustee can show a resulting prejudice to creditors.

The trustee argues that the Chevrolet Cavalier has depreciated in value since the debtor's bankruptcy filing and that as a result of the depreciation, there would now be little or no equity in the vehicle above the $1,000 exemption claimed under § 2329.66(A)(2). In his view, the debtor's transfer of her wild-card exemption from the case to the tax refund takes advantage of the depreciation to the detriment of her creditors.

The Court concludes that the trustee failed to establish by a preponderance of the evidence any actual prejudice resulting from the debtor's amendments. No evidence was presented regarding the amount of depreciation in the Chevrolet Cavalier from the time of the 341 meeting until the debtor notified the trustee of her intent to change her exemptions. Without such evidence, the Court cannot find that any prejudice has occurred.

For the foregoing reasons, the Court **OVERRULES** the trustee's objection to the debtor's amended claims of exemption. The Court further **ORDERS** the debtor to provide the trustee with a bank statement or other evidence showing the balance in her checking account as of her petition date.

**IT IS SO ORDERED.**