In re: **Mark Leslie GREENFIELD**
Debtor

K. Jin Lim, Trustee, Plaintiff–Appellee,

v.

Mark Leslie Greenfield, Shelly Brook Greenfield, Defendants–Appellants.

No. 02–1164.

United States Court of Appeals, Sixth Circuit.

June 6, 2003.

Before GUY, BOGGS, and DAUGHTREY, Circuit Judges.

PER CURIAM.

Defendants Mark Leslie Greenfield and Shelley Brook Greenfield appeal from the grant of summary judgment in favor of the trustee in this bankruptcy adversary proceeding. Defendants argue that the bankruptcy court erred in avoiding the transfer of certain real property and a Cadillac Seville automobile because (1) the bankruptcy court did not have jurisdiction over the real property because the trustee did not object to the debtor's claimed exemption in the property; (2) the transfer of the property from the debtor, Mark Greenfield, to himself and Shelley Brook Greenfield was supported by consideration in the form of the waiver of Shelley's dower and homestead interests; and (3) the trustee failed to show that Shelley Brook Greenfield did not contribute to the $5000 taken

from joint funds to purchase the automobile. After review of the record and the arguments presented on appeal, we find no error and affirm.

## I.

Mark Greenfield purchased a home in Clinton Township, Michigan in 1997. On April 13, 1999, he married Shelley Brook. On April 19, 1999, he transferred the property to himself and his wife by quitclaim deed.

Shelley Greenfield brought a Dodge Spirit automobile to the marriage, which she later sold for $3800. After their marriage, a Cadillac Seville was purchased for Shelley for $8800. Defendants claim the purchase price was paid with $3800 from the sale of Shelley's Dodge Spirit and "joint funds from her husband ... and herself."

Mark Greenfield filed for bankruptcy on September 9, 1999, approximately five months after his marriage to Shelley. He claimed an exemption for the Clinton Township property in the amount of $16,500 pursuant to 11 U.S.C. § 522(d)(1).[1] The trustee did not object to the exemption.

The trustee timely commenced this adversary proceeding to avoid the transfer of the real property and the Cadillac Seville pursuant to 11 U.S.C. § 548. On the parties' cross motions, the bankruptcy court granted summary judgment to the trustee. The bankruptcy court avoided the transfer of the real property after finding that it was made without consideration. With respect to the Cadillac Seville, the bankruptcy court entered judgment in the amount of $5000 against Shelley Greenfield. This represented the difference between the money from the sale of Shelley's Dodge Spirit and the purchase price of the Cadillac Seville. The district court affirmed the decision, and this appeal followed.

## II.

We review *de novo* the district court's decision affirming a grant of summary judgment by a bankruptcy court. *See Kentucky Cent. Ins. Co. v. Brown*, 177 F.3d 439, 443 (6th Cir.1999). We review the bankruptcy court's conclusions of law *de novo* and its factual findings for clear error. *See Corzin v. Fordu*, 201 F.3d 693, 711 n. 1 (6th Cir.1999).

### A. Jurisdiction Over the Real Property

The Bankruptcy Code allows a debtor to prevent distribution of certain property by claiming an exemption. 11 U.S.C. § 522(b). The trustee or any creditor may file objections within 30 days after the conclusion of the creditors meeting or the filing of any amendment to the creditors list or supplemental schedules unless further time is granted by the bankruptcy court. FED. R. BANKR. P. 4003(b). In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Supreme Court held that a trustee cannot contest the validity of a claimed exemption after the 30–day period had expired, even if the debtor had no colorable basis for claiming the exemption. We have held that Rule 4003(b) should be viewed as jurisdictional. *Rogers v. Laurain*, 113 F.3d 595, 597 (6th Cir.1997).[2]

The time period for filing an avoidance proceeding under § 548 is longer than the time period for objecting to an exemption claimed under § 522. An avoidance proceeding must be commenced within two

---

1. The value attributed to the property by defendants was $126,000.

2. The wording of Fed. R. Bankr.P. 4003(b) was amended effective December 1, 2000, partly due to our decision in *Laurain*, to permit a bankruptcy court to grant a timely request for an extension. This amendment is not relevant to the issue presented in the instant case.

years after the appointment of the trustee or before the time the case is closed, whichever is earlier. 11 U.S.C. § 546(a).

Several courts have rejected the argument that the trustee's failure to object to an exemption precludes an action to avoid the transfer of property under § 548. In *Levine v. Weissing,* 134 F.3d 1046, 1053 (11th Cir.1998), the Eleventh Circuit held that because the trustee was seeking to avoid a transfer and was not challenging an exemption, the two-year period under § 548, rather than the 30–day period under Rule 4003(b), controlled. In *In re McNamara,* 273 B.R. 132, 135–36 (E.D.Mich.2002), the bankruptcy court also found that a trustee's avoidance powers were not governed by the 30–day period for objections to exemptions. The court noted that the two remedies are distinct and that avoiding a transfer as opposed to merely sustaining an objection to an exemption for property held under a tenancy in the entireties increases the amount of property available to satisfy the claims against the bankruptcy estate.

■ In this case, the debtor did not claim an exemption for the entire property under § 522(b)(2)(B) (applicable to entireties property). Instead, he claimed an exemption under § 522(d)(1), which is limited to a dollar value of $16,150. Thus, even accepting defendants' argument, the bankruptcy court would have retained jurisdiction over the property because the debtor did not exempt the entire property. *See In re Bregni,* 215 B.R. 850, 852 (E.D.Mich. 1997) (debtor's property remains property of the estate to the extent its value exceeds the statutory amount which the debtor is permitted to exempt).

In addition, the trustee's ability to object to a claimed exemption and avoid a transfer are distinct and independent powers. Because the trustee did not object within the 30–day period, Mark Greenfield will receive the $16,150 exemption whether or not the transfer of the property is voided. The decision under § 548 instead will affect how the remaining value of the property can be used to satisfy the claims of creditors. If the transfer is upheld, the trustee can sell the property under only the conditions prescribed in 11 U.S.C. § 363(h)-(j). Mark Greenfield will receive his $16,150 exemption and Shelley Greenfield will take her share under § 363(j). The remaining amount will be part of the bankruptcy estate to satisfy creditor claims.

If the transfer is voided, Mark Greenfield will still receive his $16,150 exemption, but the property will no longer be held under a tenancy by the entireties. Thus, the entire property (minus the exemption) can be used to satisfy the debts of Mark Greenfield's creditors. The trustee's decision not to object to the claimed exemption did not deprive the bankruptcy court of its jurisdiction to decide the avoidance proceeding that was timely commenced by the trustee under § 548.

**B. Transfer of the Real Property**

■ A trustee may avoid a transfer of property made within one year before the bankruptcy petition filing date if the debtor received less than reasonably equivalent value and the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer. 11 U.S.C. § 548(a)(1). Defendants do not dispute that Mark Greenfield was insolvent at the time he executed the quitclaim deed. Thus, the sole issue is whether Mark Greenfield received reasonably equivalent value for the transfer of the real property.

Defendants argue that Mark Greenfield received the waiver of Shelley's dower and homestead interests as consideration for the transfer of the real property. The bankruptcy court found that Mark Greenfield did not receive any consideration and, therefore, voided the transfer under § 548.

The district court agreed and further held that, even accepting defendants' argument, there was no exchange of reasonably equivalent value where Shelley Greenfield gave up a contingent life estate in 1/3 of the property in exchange for Mark Greenfield giving her a tenancy by the entirety that entitled her to enjoyment of the entire property during her lifetime with a right of survivorship.

Michigan's dower statute provides: "The widow of every deceased person, shall be entitled to dower, or the use during her natural life, of 1/3 part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof." MICH. COMP. LAWS ANN. § 558.1 (West 1988). While the husband is living, the wife has an inchoate right of dower, which is a contingent estate that vests only upon the husband's death. *Oades v. Standard Sav. & Loan Ass'n*, 257 Mich. 469, 241 N.W. 262, 263 (1932).

In *Peaslee v. Collier*, 83 Mich. 549, 47 N.W. 353, 354 (1890), the Michigan Supreme Court held that the waiver of a dower interest can constitute consideration for the transfer of property. The facts of that case, however, are easily distinguishable from the instant case. In *Peaslee*, the husband wished to sell property in Battle Creek. His wife agreed to waive her dower interests in the Battle Creek property only if the husband deeded their home in Grand Rapids to her. The Michigan Supreme Court held that the relinquishment of the dower interest in the Battle Creek property constituted good consideration for the transfer of the Grand Rapids home.

In this case, Shelley Greenfield did not relinquish dower rights in a separate property as consideration for transfer of the Clinton Township property. Her relinquishment of dower rights in the same property that was transferred to her did not benefit Mark Greenfield in any way.

Thus, we agree with the bankruptcy court that the transfer of the real property was done without consideration.

Defendants also claim that the waiver of Shelley's homestead rights constituted consideration for the transfer of the property. The Michigan homestead exemption is $3500. MICH. COMP. LAWS ANN. § 600.6023(1)(h) (West 2000). The exemption applies to any house owned and occupied by the person claiming the exemption whether or not he or she owns the underlying land. *Id.* The transfer of the property from Mark Greenfield to himself and Shelley did not affect either of their homestead interests in the property, and Shelley's homestead interest, therefore, could not constitute consideration. Because there was no consideration provided, through either Shelley's dower or homestead interests, the bankruptcy court did not err in avoiding the transfer of the real property pursuant to § 548.

## C. Transfer of the Automobile

Shelley Greenfield stated in an affidavit that the Cadillac Seville was purchased in part with joint funds. Defendants urge this court to assume Shelley contributed to the joint funds. Defendants assert that a reasonable inference can be drawn that Shelley Greenfield was employed because in today's economy most households have two spouses working. They also assert that because the automobile was purchased immediately after the marriage, it reasonably can be inferred that Shelley had some of her own money and was employed prior to the marriage.

The problem with Shelley's affidavit and the defendants' inferences is that they contradict other statements and admissions made by defendants. After a motion for summary judgment has been made a party may not create a factual issue by filing an affidavit contradicting his earlier statements. *See Reid v. Sears,*

*Roebuck and Co.,* 790 F.2d 453, 460 (6th Cir.1986). Defendants admitted that Mark Greenfield assisted with the purchase of the Cadillac Seville. In a brief submitted to the bankruptcy court, defendants stated that: "While it is true that the debtor assisted with these funds, he did so for his wife and child to be, so they had a more substantial vehicle to drive after the birth of the child." In addition, the schedules submitted by the debtor showed that Shelley Greenfield was not contributing any income to the marriage. In light of defendants' own statements, we find no error in the bankruptcy court's decision to enter judgment against Shelley Greenfield in the amount of $5000, the difference between the purchase price of the Cadillac Seville and the amount she contributed from the sale of the Dodge.

**AFFIRMED.**