In re Michael James **BAKER** and Suzie Carmen Baker, Debtors.

**Douglas S. Ellman, Appellant,**

v.

**Michael James Baker and Suzie Carmen Baker, Appellees.**

No. 14–cv–11924.

United States District Court, E.D. Michigan, Southern Division.

Signed Aug. 8, 2014.

Thomas R. Morris, Silverman & Morris, P.L.L.C., Farmington Hills, MI, for Appellant.

David S. Wilkinson, James P. Frego, Dearborn Heights, MI, Beatriz H. Coleman, Tila Attorney Group, PLLC, Ann Arbor, MI, for Appellees.

## ORDER AFFIRMING THE BANKRUPTCY COURT

STEPHEN J. MURPHY, III, District Judge.

Legal claims owned by debtors Michael and Suzie Baker were not disclosed to the bankruptcy court until years after the close of the Bakers' bankruptcy case. Upon learning of these claims, the bankruptcy trustee ("the Trustee") reopened the bankruptcy case to dispose of them. The Bakers responded by amending their bankruptcy schedules to claim related exemptions. Over the objections of the Trustee, the bankruptcy court allowed the amendments despite the Bakers' failure to disclose their claims during the initial bankruptcy proceedings. The Trustee appeals the ruling. The Court will affirm.

## BACKGROUND

### I. *Statutory Backdrop*

Chapter 7 of the Bankruptcy Code allows an insolvent debtor to discharge debts by liquidating assets to pay creditors. 11 U.S.C. §§ 704(a)(1), 726, 727. The filing of a Chapter 7 bankruptcy petition creates a bankruptcy estate generally consisting of all the debtor's legal and equitable interests, § 541(a), which the debtor must disclose at the beginning of the case, § 521(a)(1)(B)(i). The estate is managed by a bankruptcy trustee tasked with liquidating its assets and distributing the proceeds. § 704(a). But the Bankruptcy Code permits a debtor to exempt certain property from the estate. § 522(b)(1). Except in particular situations specified in the Bankruptcy Code, exempt property cannot be used to pay "any [prepetition] debt" or "any administrative expense." *Law v. Siegel*, —— U.S. ——, 134 S.Ct. 1188, 1192, 188 L.Ed.2d 146 (2014) (quoting 11 U.S.C. § 522(c), (k)).

Section 522(d) creates a number of exemptions available to debtors unless specifically prohibited by state law. 11 U.S.C. § 522(b)(2), (d). Two are relevant here. The first, known as the homestead exemption, allows a debtor to exempt up to $22,975 of equity in his residence. § 522(d)(1). The second exemption is

known as the wildcard exemption. This exemption allows a debtor to exempt up to $1,550 of "any property." § 522(d)(5). Moreover, the wildcard exemption allows a debtor to apply up to $11,500 of any unused portion of the homestead exemption towards exempting additional property. *Id.*

A debtor claims an exemption by filing Bankruptcy Schedule C. Official Bankr. Forms, Schedule C. Interested parties may then object. Fed. R. Bankr.P. 4003(b)(1). Most objections must be filed within 30 days. *Id.* Although a schedule claiming exemptions is filed early in the case, the debtor may amend his schedule "as a matter of course at any time before the case is closed." Fed. R. Bankr.P. 1009(a). The case is closed only after the estate is "fully administered" and the "trustee discharged." 11 U.S.C. § 350(a). And once closed, the case may be reopened only for cause. § 350(b).

## II. *The Bakers*

In 2008, the Bakers filed for Chapter 13 bankruptcy shortly after they lost their home in foreclosure proceedings. The case was later converted to a Chapter 7 proceeding. At no point during the bankruptcy proceedings did the Bakers list any legal claims relating to the foreclosure on their bankruptcy schedules. Schedules A–J, Bankr.ECF No. 22. But after the Bakers' bankruptcy was discharged and the bankruptcy case was closed, the Bakers filed successive wrongful foreclosure actions in state court. R. 21. The Bakers did not reopen their bankruptcy case to report the claims brought in either action. R. 262–63.

After the first mortgage case was dismissed but before the second mortgage case was resolved, the Trustee learned of the Bakers' claims and notified the bankruptcy court that they were property of the bankruptcy estate. Mot. to Reopen, Bankr.ECF No. 61. The bankruptcy court then reopened the bankruptcy case, and the Trustee filed a notice of an automatic stay to stop the state court proceedings. Order Reopening Bankruptcy Case, Bankr.ECF No. 62; R. 10–11. For their part, the Bakers filed amended schedules reporting their claims to be worth $3,000,000 and claiming a wildcard exemption of $5,300 each. R. 259–60; Am. Schedule C, Bankr.ECF No. 68. The Trustee objected to the claimed exemptions because, he argued, the Bakers had failed to disclose their wrongful foreclosure claims for at least four and a half years and had thereby interfered with the administration of the estate. R. 8–19.

Meanwhile, the Trustee negotiated a settlement of the wrongful foreclosure claims worth between $32,000 and $34,000, and the bankruptcy court approved it.[1] R. 250. But the bankruptcy court overruled the Trustee's objections to the exemptions claimed by the Bakers. R. 229, 271. Although recognizing that the law at the time the Trustee filed his objections permitted the court to disallow the exemptions due to the Bakers' failure to claim them earlier, the bankruptcy court concluded that *Law v. Siegel,* — U.S. —, 134 S.Ct. 1188, 188 L.Ed.2d 146 (2014), precluded it from doing so. R. 260–265.

Furthermore, the bankruptcy court rejected the Trustee's alternative argument

---

1. The bankruptcy court approved only a settlement of the wrongful foreclosure claims because it determined that related fraud on the court claims were not part of the bankruptcy estate. Order Approving Revised Settlement, Bankr.ECF No. 116; Order re Trus- tee's Mot. for Approval of Settlement, Bankr. ECF No. 111. The order approving of the settlement was the subject of a separate appeal. *See In re Baker,* No. 14–cv–11699 (E.D.Mich.).

that a debtor in a reopened bankruptcy case may not amend a schedule to claim an exemption. Because the Trustee made this argument for the first time at the hearing, the bankruptcy court considered it waived. R. 266. Moreover, even assuming the argument was not waived, the bankruptcy court stated that Bankruptcy Rule 1009 would allow the Bakers to amend their schedules as a matter of course. The bankruptcy court explained that it read the language in the rule permitting debtors to amend their schedules "as a matter of course at any time before the case is closed" as authorizing amendments as a matter of course both in bankruptcy cases that have never been closed and in cases that have been closed but since reopened. R. 268–69.

The Trustee appealed.

## STANDARD OF REVIEW

◼ A district court hearing a bankruptcy appeal reviews a bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *See In re Lee,* 530 F.3d 458, 463 (6th Cir.2008).

## DISCUSSION

### I. *Evolution of the Trustee's Theories*

As the case has progressed, so has the Trustee's legal theory for why the Bakers are not entitled to the wildcard exemption. The Trustee argued in his initial filings that the bankruptcy court should disallow the exemption for any of three reasons. The first was that the Bakers concealed assets or otherwise acted in bad faith. *See* R. 13–16. The second was that the Bakers recklessly failed to list property as an asset. *Id.* And the third was that the Bakers claimed their exemptions so late as to interfere with the proper administration of the estate. *Id.* Though labeled somewhat differently, all three of these arguments

rested on the theory expressed in *Lucius v. McLemore,* 741 F.2d 125 (6th Cir.1984), that bankruptcy courts may use their inherent powers to disallow exemptions (or amendments designed to claim exemptions) to redress inequitable conduct.

The Trustee, however, largely abandoned his *Lucius* arguments after the Supreme Court decided *Siegel*—and for good reason. In *Siegel,* the Supreme Court considered whether a bankruptcy court may impose a surcharge on exempt assets to pay for administrative expenses incurred as a result of a debtor's misconduct. *Siegel,* 134 S.Ct. at 1192. The Supreme Court answered in the negative. Beginning with the premise that a bankruptcy court may not " 'override explicit mandates ... of the Bankruptcy Code' " through an exercise of its inherent powers, the Supreme Court reasoned that the surcharge contravened the portion of the Bankruptcy Code providing that exempt property may not be used to pay administrative expenses. *Id.* at 1194–95 (quoting 2 *Collier on Bankruptcy* ¶ 105.01[2] (16th ed. 2013)).

Furthermore, the Supreme Court concluded that bankruptcy courts do not have "discretion to grant or withhold exemptions based on whatever considerations they deem appropriate." *Id.* at 1196. It explained that the Bankruptcy Code instead provides an exhaustive list of both "exemptions and exceptions to those exemptions." *Id.* And for this reason, the Supreme Court specifically reproved lower courts for "claim[ing] authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is much the same thing) based on the debtor's fraudulent concealment of the asset alleged to be exempt." *Id.* (citing disapprovingly *In re Yonikus,* 996 F.2d 866, 872–73 (7th Cir.1993), *In re Doan,* 672 F.2d 831, 833 (11th Cir.1982), and *Stewart*

*v. Ganey*, 116 F.2d 1010, 1011 (5th Cir. 1940)).

The "general, equitable power ... to deny exemptions" that *Siegel* rejected is the very power that *Lucius* said bankruptcy courts may exercise. *Id.* at 1196. Indeed, both *Lucius* and *Siegel* cite to the same passage of the same case to make their points. *Compare id.* (rejecting *Doan*, 672 F.2d at 833), *with Lucius*, 741 F.2d at 127 (citing *Doan*, 672 F.2d at 833, for support). There is no doubt that *Siegel* curbs the power that bankruptcy courts formerly exercised under *Lucius* to disallow amendments to remedy debtors' bad faith, reckless, or dilatory conduct. And as the bankruptcy court in this case recognized, courts must follow *Siegel* even though *Lucius* was not expressly overruled. *See Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 550 (6th Cir.2006) (concluding that a Supreme Court decision that was inconsistent with a prior published decision of the Sixth Circuit and that overruled another decision on which the published decision had relied rendered the published decision non-binding).

Anticipating this consequence of *Siegel*, the Trustee made, for the first time at the hearing on his objections, the argument that the Bakers' amendments were untimely under Bankruptcy Rule 1009. The rule provides that a debtor may amend a schedule "as a matter of course at any time *before the case is closed.*" Fed. R. Bankr.P. 1009 (emphasis added). Seizing on this last phrase, the Trustee argued that if a bankruptcy case has been closed at any point a debtor may no longer offer amendments as a matter of course. The trustee makes the same argument on appeal.

II. *Waiver under Bankruptcy Rule 4003*

The Trustee's substitution of legal theories raises the question of whether his Rule 1009 argument is waived. When a debtor claims an exemption, Bankruptcy Rule 4003 requires that most objections be made within 30 days. Fed. R. Bankr.P. 4003(b)(1). This time-limit is both mandatory and jurisdictional. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (mandatory); *In re Laurain*, 113 F.3d 595, 597 (6th Cir.1997) (jurisdictional). Although the bankruptcy court here considered the Trustee's Rule 1009 argument waived, the Trustee disagrees. He explains that Bankruptcy Rule 1009 was not relevant to evaluating amendments before *Siegel* because bankruptcy courts could rely on their inherent powers to disallow exemptions. But now that *Siegel* restricts the exercise of those powers, the Trustee says that the closing of bankruptcy cases became available and relevant for the first time.

But as cases predating *Siegel* illustrate, the Trustee could have included in his written objections the argument that Bankruptcy Rule 1009 does not permit amendments as a matter of course in reopened bankruptcy cases. *See, e.g., In re Goswami*, 304 B.R. 386, 393 (9th Cir. BAP 2003) (rejecting an argument similar to the Trustee's); *In re Poulette*, 493 B.R. 729, 733–34 (Bankr.D.Md.2013) (accepting a similar argument); *In re Wilmoth*, 412 B.R. 791, 795 (Bankr.E.D.Va.2009) (accepting a similar argument). The Trustee might have omitted the argument for strategic reasons, perhaps thinking that *Lucius* provided a sounder basis for disallowing the exemptions. But nothing prevented the Trustee from pointing to Bankruptcy Rule 1009 as an alternative ground for disallowing the exemption because an objection predicated on noncompliance with Bankruptcy Rules is analytically distinct from an objection that bad faith conduct justifies a sanction under *Lucius*.

Consider the thrust of each type of argument: A *Lucius* argument involves a single-step inquiry into the bad faith of the debtor. If bad faith is uncovered, the *Lucius* analysis allows a bankruptcy court to use the debtor's bad faith offensively to override the portion of the Bankruptcy Code granting an exemption. *See Lucius*, 741 F.2d at 127. In contrast, a Rule 1009 analysis like that of the Trustee's involves two steps. At the first step, the bankruptcy court must determine whether the amendment is permissible as a matter of course under Bankruptcy Rule 1009. *See, e.g., Poulette*, 493 B.R. at 733. The debtor's motives, the impact of the debtor's conduct on the administration of the estate, and similar considerations play no part in that determination. All that matters is whether the case was closed. *See id.* And assuming a closure has occurred, the negative implication of Bankruptcy Rule 1009, according to this line of argument, is that the amendment is untimely. But Bankruptcy Rule 1009 is not an absolute bar to amendments. Because Bankruptcy Rule 9006 permits courts to enlarge the time for taking certain actions upon a showing of good cause and excusable neglect, the second-step in the analysis is to consider whether a late amendment is permissible. *See id.* at 733–34. It is only at this point—and only as a defense permitted by the Bankruptcy Rules against an enlargement of time—that the debtor's motives and conduct become relevant. *See id.*

As is clear from the logic of the two arguments, they concern separate issues. The former is about the penalties available to redress inequitable conduct; the latter concerns the timeliness of amendments under the Bankruptcy Rules. That difference is the reason why *Siegel* does not preclude the Trustee from arguing that Bankruptcy Rule 1009 bars the Bakers' amendments. And that is also the reason why the timeliness of the amendment was relevant even before *Siegel* was decided. Consequently, considering the Trustee's Rule 1009 argument now requires adopting a view of Bankruptcy Rule 4003 that permits interested parties to change legal theories after the deadline for filing objections has passed. And such a theory would be contrary to the rule's clear purpose of avoiding prolonged uncertainty about the availability of an objection. *See 9 Collier on Bankruptcy* ¶ 4003.03[3].

■ The Trustee counters by citing to non-bankruptcy cases for the proposition that justice requires allowing him to change strategies after a change in the governing law. *See* Appellee's Br. 15 (citing *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir.2011); *Rentrop v. Spectranetics Corp.*, 550 F.3d 1112 (Fed. Cir.2008); *Benoay v. Prudential–Bache Securities, Inc.*, 805 F.2d 1437 (11th Cir. 1986); *Fisher v. A.G. Beck Paribas Inc.*, 791 F.2d 691 (9th Cir.1986)). If the waiver issue turned on a balancing of the equities, the Trustee would have a point that the bankruptcy court should have considered his Rule 1009 argument. But because the Sixth Circuit deems the time limit in Rule 4003 jurisdictional, *see In re Greenfield*, 65 Fed.Appx. 549, 551 (6th Cir.2003); *Laurain*, 113 F.3d at 597, it would have been inappropriate for the bankruptcy court to have set aside the time limit on objections for equitable reasons. *See Laurain*, 113 F.3d at 597; *cf. Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (explaining that a court cannot waive the time limits on filing a notice of appeal because they are jurisdictional). Therefore, the bankruptcy court did not err by considering the Trustee's argument waived and allowing the exemptions.

## ORDER

**WHEREFORE,** it is hereby **OR-DERED** that the bankruptcy court is **AFFIRMED.**

**SO ORDERED.**