RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0135p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

In re:  MICHAEL JAMES BAKER and SUZIE CARMEN
BAKER,

*Debtors.*

_____

DOUGLAS S. ELLMANN, Trustee,

*Appellant,*

v.

MICHAEL JAMES BAKER and SUZIE CARMEN BAKER,

*Appellees.*

No. 14-2149

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:14-cv-11924—Stephen J. Murphy III, District Judge.

Argued:  May 5, 2015

Decided and Filed:  July 2, 2015

Before:  COLE, Chief Judge; MERRITT and BATCHELDER, Circuit Judges.

_____

**COUNSEL**

**ARGUED:**  Thomas R. Morris, SILVERMAN & MORRIS, P.L.L.C., Farmington Hills, Michigan, for Appellant.  Beatriz H. Coleman, TILA ATTORNEY GROUP, PLLC, Saline, Michigan, for Appellees.  **ON BRIEF:**  Thomas R. Morris, SILVERMAN & MORRIS, P.L.L.C., Farmington Hills, Michigan, for Appellant.  Beatriz H. Coleman, TILA ATTORNEY GROUP, PLLC, Saline, Michigan, for Appellees.

1

_____

**OPINION**

_____

COLE, Chief Judge.  Michael James Baker and Suzie Carmen Baker, the debtors in this bankruptcy appeal, failed to disclose in their bankruptcy schedules their interest in a cause of action until years after the close of the bankruptcy case.  After learning about the cause of action, Douglas S. Ellmann, the bankruptcy trustee, requested that the case be reopened so that he could pursue the cause of action on behalf of the debtors' bankruptcy estate; after the case was reopened, the debtors amended their bankruptcy schedules to claim exemptions in the cause of action.  Over the trustee's objection based on bad faith and fraudulent conduct, the bankruptcy court allowed the amendments and the district court affirmed.

We must decide whether the Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014), limits the bankruptcy court's power to disallow claimed exemptions and whether the trustee's objection to the timeliness of the amendments was waived.  Because we believe the answers to both questions are yes, we affirm the order of the district court.

**I.  BACKGROUND**

The debtors previously owned a house in Dexter, Michigan; in 2007, it was foreclosed and sold at a sheriff's sale.  On February 12, 2008, the debtors filed for chapter 13 bankruptcy.  On February 27, 2008, they filed their bankruptcy schedules, which must list all of their assets, liabilities, income, and other financial information.  The debtors did not disclose any interest in the house or any cause of action related to it.  On May 14, 2008, the case was converted to a chapter 7 liquidation proceeding, and Douglas S. Ellmann was appointed as the trustee.  On August 26, 2008, the debtors received a discharge of their debts from the bankruptcy court.

The redemption period for the foreclosed house expired after the bankruptcy petition date without the house being redeemed.  After the foreclosure sale, Residential Funding Company, LLC ("RFC"), the holder of the sheriff's deed to the house, commenced an eviction action to remove the debtors, but the debtors and RFC eventually entered into a consent judgment.  The

debtors, however, claim that their counsel agreed to the judgment without their consent and over their objections.  The bankruptcy case was closed on February 13, 2009.

On March 20, 2009, the debtors filed suit in Michigan state court against RFC and its counsel, alleging that the foreclosure was defective and seeking to set it aside.  The action lasted over four years, but the debtors never sought to reopen their bankruptcy case to amend their schedules and disclose the cause of action.  After learning about the cause of action, the trustee moved to reopen the bankruptcy case, claiming that the cause of action was property of the bankruptcy estate.  The bankruptcy court reopened the case on November 14, 2013, and Ellmann was reappointed as chapter 7 trustee.  The trustee then began negotiations with RFC and its counsel to settle the action.

On December 13, 2013, the debtors filed an amended schedule in the bankruptcy case that disclosed the cause of action, stating that it had a value of $3 million.  Concurrently, each of the debtors claimed a "wildcard" exemption of $5,300.00 in the cause of action under 11 U.S.C. § 522(d)(5).  On December 27, 2013, the trustee filed his objection to the amended exemptions, arguing that:  (1) the debtors' failure to disclose the cause of action earlier interfered with the trustee's administration of the bankruptcy estate; (2) the debtors attempted to conceal the cause of action; (3) the exemption claims were made in bad faith; and (4) even if the debtors were not aware of the cause of action when the bankruptcy case was closed, they still should have amended their schedules sooner.  The bankruptcy court later approved the trustee's settlement of the cause of action.

The bankruptcy court denied the trustee's objection to the debtors' amended exemptions, reasoning that the Supreme Court's decision in *Law v. Siegel* precluded a bankruptcy court from using its equitable powers to deny an exemption as a sanction for debtor misconduct; alternatively, the bankruptcy court ruled that the objection was not made within thirty days of the amendments and was therefore waived.  The district court affirmed the bankruptcy court's order, and the trustee appeals.

## II.  ANALYSIS

### A.  Standard of Review

This court reviews the bankruptcy court's and district court's conclusions of law de novo and the bankruptcy court's factual findings for clear error.  *See In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993).

### B.  Applicable Provisions of the Bankruptcy Code and Rules

Chapter 7 of the Bankruptcy Code allows debtors to discharge their debts by liquidating certain assets to pay creditors.  *See generally* 11 U.S.C. §§ 704(a)(1), 726, 727.  The filing of a bankruptcy petition creates a bankruptcy "estate" generally comprising all of the debtor's property, a list of which the debtor must file with the bankruptcy court along with or shortly after filing the bankruptcy petition.  11 U.S.C. §§ 521(a)(1)(B)(i), 541(a)(1).  Such property includes causes of action that the debtor did bring or could have brought before the petition's filing.  *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 461–63 (6th Cir. 2013).  The estate is placed under the control of a trustee, who is responsible for managing liquidation of the estate's assets and distribution of the proceeds to creditors.  11 U.S.C. § 704(a)(1).

The Bankruptcy Code authorizes debtors to "exempt" certain kinds of property from the estate, thereby enabling them to retain those assets post-bankruptcy, unless specifically prohibited by state law.  11 U.S.C. § 522(b), (d).  Among these exemptions, the "homestead" exemption allows a debtor to exempt up to $22,975.00 of equity in a residence.  11 U.S.C. § 522(d)(1).  In addition, the "wildcard" exemption allows a debtor to exempt up to $1,225.00 in aggregate value of "any property," as well as up to $11,500 of any unused portion of the homestead exemption.  11 U.S.C. § 522(d)(5).  Except in particular situations specified in the Code, exempt property "is not liable" for the payment of "any [pre-petition] debt" or "any administrative expense."  11 U.S.C. § 522(c), (k).

A debtor claims an exemption by listing it on Schedule C of the Official Bankruptcy Forms.  Fed. R. Bankr. P. 1007(b)(1), 4003(a).  An interested party or the trustee may then object, generally "within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever

is later." Fed. R. Bankr. P. 4003(b). A schedule may be amended by the debtor "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). After an estate is fully administered and the bankruptcy court has discharged the trustee, the bankruptcy court must close the case, but the case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350.

## C. *Law v. Siegel*

After the debtors' bankruptcy case was reopened, the trustee objected to their claimed exemptions, asserting that they acted fraudulently and in bad faith by failing to list their cause of action as estate property while the bankruptcy case was previously open. The trustee cited our decision in *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984) (per curiam), for the proposition that a bankruptcy court may disallow a claimed exemption if a debtor attempted to conceal the underlying property or acted in bad faith. While the objection was pending, the Supreme Court of the United States decided *Law v. Siegel*, which stated in dictum that the Bankruptcy Code does not grant courts authority to disallow an exemption (or disallow amendment of schedules to claim an exemption) based on a debtor's fraudulent concealment of assets alleged to be exempt or other bad-faith conduct. 134 S. Ct. at 1196. At the hearing on the objection, the trustee appeared to withdraw his reliance on *Lucius* because of *Siegel*.

On appeal, the trustee argues that the bankruptcy court incorrectly extended *Siegel* "so as to abrogate all existing limitations on the right of a debtor to make an amended claim of exemption in a re-opened case." Trustee's Br. 10. The bankruptcy court erred, he argues, by rejecting "the distinction between a case which has not yet been closed, and a case which has been previously closed," and *Siegel* is distinguishable because the case was never closed, unlike the case before us here. *Id.* at 10–11. In other words, according to the trustee, *Lucius* remains "applicable to a previously closed case despite *Law v. Siegel*." *Id.* at 11.

This court has previously held that "[c]ourts may [] refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed." *Lucius*, 741 F.2d at 127. Some courts have held that this rule equally applies to reopened cases. *In re Goswami*, 304 B.R. 386, 393 (B.A.P. 9th Cir. 2003).

In *Siegel*, the Supreme Court held that a bankruptcy court erred in "surcharging" a debtor's exemption, i.e., permitting the bankruptcy trustee to recover from the debtor's claimed homestead exemption the fees and expenses expended to uncover the debtor's fraudulent conduct during the bankruptcy proceedings. *Siegel*, 134 S. Ct. at 1195. The bankruptcy court appears to have reasoned that it had the equitable and inherent power to do so to protect the integrity of the bankruptcy system. *See id.* at 1193–94. The Ninth Circuit Bankruptcy Appellate Panel and the Ninth Circuit affirmed. The Supreme Court reversed, however, reasoning that "[i]t is hornbook law" that bankruptcy courts cannot "override explicit mandates of other sections of the Bankruptcy Code." *Id.* at 1194 (quoting 2 *Collier on Bankruptcy* ¶ 105.01[2], p. 105–06 (16th ed. 2013)). Because 11 U.S.C. § 522(b)(3)(A) allows a debtor to exempt equity from his residence and § 522(k) prohibits use of the exemption to pay "any administrative expense," which the Supreme Court said the attorney's fees "indubitably" were, it held that the bankruptcy court exceeded its inherent powers and violated the Code by ordering the surcharge. *Id.* at 1195.

The Supreme Court further determined that bankruptcy courts do not have "discretion to grant or withhold exemptions based on whatever considerations they deem appropriate" because the Bankruptcy Code "sets forth a number of carefully calibrated exceptions and limitations, some of which relate to the debtor's misconduct." *Id.* at 1196. Thus, "[t]he Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id.* Accordingly, the Supreme Court concluded that the Code does not confer "a general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad faith conduct" or "the debtor's fraudulent concealment of [an] asset alleged to be exempt." *Id.*

Applying these principles here, it is clear that *Siegel* prohibits the bankruptcy court from disallowing the debtors' claimed exemptions because of their alleged bad faith and fraudulent conduct. While *Lucius* previously held that bankruptcy courts may use their equitable powers to sanction a debtor's misconduct by disallowing exemptions in property concealed from the trustee, the Supreme Court's superseding decision unambiguously abrogates their ability to do so. Some courts have characterized these principles in *Siegel* as mere dictum, *see, e.g., In re Woolner*, No. 13-57269, 2014 WL 7184042, at *3–4 (Bankr. E.D. Mich. Dec. 15, 2014), but this

court has explained that "[l]ower courts are obligated to follow Supreme Court dicta, particularly where there is not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale." *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 447–48 (6th Cir. 2010) (citations and internal quotation marks omitted). No such reason in favor of disregarding *Siegel* exists here, and many lower courts—including nearly all that have identified the language above as dictum—have adhered to *Siegel*'s pronouncements. *See, e.g.*, *In re Elliott*, 523 B.R. 188, 189 (B.A.P. 9th Cir. 2014) ("We conclude that *Law v. Siegel* [] has abrogated Ninth Circuit law such that unless statutory power exists to do so, a bankruptcy court may not deny a debtor's exemption claim or bar a debtor's exemption claim amendment on the basis of bad faith or of prejudice to creditors."); *In re Gress*, 517 B.R. 543, 547–48 (Bankr. M.D. Pa. 2014) ("Following [*Siegel*], several courts have held that they no longer have the discretion to deny a debtor the opportunity to amend his exemptions based upon equitable considerations such as bad faith or prejudice to creditors."). Indeed, another panel of this court, while declining to rely on *Siegel* to reverse a bankruptcy court's disallowance of an amendment, explained that *Siegel* "strongly suggests that the bankruptcy court exceeded its authority when it disallowed [an] amendment" based on prejudice to creditors—a ground absent from the Bankruptcy Code. *In re Westry*, 591 F. App'x 429, 432 (6th Cir. 2014). Thus, to the extent *Lucius* conflicts with *Siegel*, the Supreme Court has effectively overruled it.

While the trustee attempts to argue that *Siegel* applies only to bankruptcy cases that have never been closed, we think that *Siegel* also applies in cases that have been reopened, like this one. The trustee correctly notes that *Siegel* "did not involve an amended claim of exemption made after the case had been closed," Trustee's Br. 10, but he does not explain why this distinction is critical. *Siegel* itself does not draw such a line. Importantly, *Siegel*'s reasoning is compelling whether or not a case has been reopened. We therefore reject the trustee's artificial delineation and hold that, under *Siegel*, bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct.

**D. Rule 1009(a)**

The district court wrote, "Anticipating th[e] consequence of *Siegel*, the Trustee made, for the first time at the hearing on his objections, [i.e., more than thirty days after the objections were filed,] the argument that the Bakers' amendments were untimely under Bankruptcy Rule 1009." Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time *before the case is closed.*" Fed. R. Bankr. P. 1009(a) (emphasis added). An objection to an amendment must be made within thirty days of the amendment's filing. Fed. R. Bankr. P. 4003(b)(1). This time limit is both mandatory and jurisdictional. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992) (holding that the time limit is mandatory); *In re Laurain*, 113 F.3d 595, 597 (6th Cir. 1997) (holding that "Rule 4003(b) is jurisdictional"). Because the bankruptcy case was previously closed, the trustee argued at the hearing, which occurred more than thirty days after the amendments were filed, that the debtors could not make amendments under Rule 1009(a) "as a matter of course" and that any amendment made after the reopening of a case instead is subject to disallowance at the discretion of the bankruptcy court.

The trustee concedes that he "did not argue this specific interpretation of Rule 1009 in his [written] Objection," but maintains that the argument became relevant only after *Siegel*. Trustee's Br. 15. "As a result of the Supreme Court's opinion, the prior closure of the Debtors' bankruptcy case became, for the first time, relevant" and therefore "[t]he Trustee cannot be deemed to have waived an argument that only came into being months after the objection was filed." *Id.* at 17. The district court concluded that the objection was untimely and thus waived.

We agree with the district court's conclusion that the trustee waived his Rule 1009(a) argument by failing to timely raise it in his objection. Importantly, the trustee conceded at the hearing that he never argued in his objection that Rule 1009 barred the debtors from amending their exemptions. (Hearing Tr., R. 1, PageID 236 at 7:1–2 ("We did not raise that specific argument.").) In addition, the trustee answered "Yes" in response to the bankruptcy court's question, "Well, you had that argument available to you before [*Law v. Siegel*] was decided, didn't you?" (*Id.* at PageID 235–36 at 6:24–7:1.) The basis for a Rule 1009 objection to an exemption claimed after the close of the case is that the objection is untimely because it can no

longer be claimed as a matter of course. But as the district court cogently explained, such an objection is analytically distinct from the bad-faith objection that previously could have been brought under *Lucius*. Not only that, but the untimeliness objection was available concurrently with the bad-faith objection that was available prior to *Siegel*. Thus, the trustee's contention that his Rule 1009 objection became available and relevant only after *Siegel* is unpersuasive.

## III. CONCLUSION

Because *Law v. Siegel* prohibits the bankruptcy court from disallowing amendments due to a debtor's bad faith or fraud and the trustee waived his timeliness objection to the amendments, we affirm the district court's decision affirming the bankruptcy court's order.