NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0951n.06

No. 14-1440

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Dec 30, 2014*
DEBORAH S. HUNT, Clerk

IN RE: LATONYA WESTRY,

    Debtor.

LATONYA WESTRY,

    Appellant,

v.

K. JIN LIM, Chapter 7 Trustee,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

---

**BEFORE: MERRITT, WHITE, and DONALD, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Latonya Westry appeals the district court's affirmance of the bankruptcy court's order sustaining the Chapter 7 Trustee K. Jin Lim's objection to Westry's amendment to her schedule to increase the exemptions claimed. We REVERSE.

**I.**

Westry filed for Chapter 7 bankruptcy protection on November 18, 2011. In her Schedule C, she claimed an exemption under 11 U.S.C. § 522(d)(5) of an "unknown" amount for a workers' compensation claim. That exemption was limited to around $10,000.[1] Westry's

---

[1] Westry claimed that § 522(d)(5)'s cap was $10,555; the bankruptcy court determined the cap at $10,055. We need not decide the correct limit because we conclude the bankruptcy court erred when it denied Westry's amendment.

workers' compensation claim settled on March 19, 2013, with the employer's insurance carrier agreeing to pay $25,000. Approximately one week later, on March 27, 2013, Westry filed an amended Schedule C, claiming two new statutory exemptions—$25,000 under § 522(d)(10)(C) and the "[f]ull amount" under § 522(d)(11)(E)—together with $10,555 "if any amount not used from exemptions noted above" under 11 U.S.C. § 522(d)(5). Lim objected, claiming that the "amendment would be prejudicial to the Trustee and to the creditors of the estate" because of the "late date" of the amendment. Lim lodged no substantive objection to the claimed exemptions and it is undisputed that Westry is entitled to all the claimed exemptions under the Code.

> The bankruptcy court held a hearing and sustained the objection:

> [T]he record establishes that it was clear enough to the debtor that the trustee intended to administer and distribute to creditors whatever value there was in this Workers' Compensation claim over and above the initial exemption claimed by the debtor in her original Schedule C. Knowing that, nevertheless, the debtor failed and neglected to claim additional apparently available exemptions in it until after she became aware of the precise amount . . . of the Workers' Compensation claim. . . . This was improper on her part. She should have claimed whatever exemption she wanted to claim in her discretion from the beginning. Nothing prevented her from doing that.

The bankruptcy court limited Westry's exemption under § 522(d)(5) to $10,055 and disallowed exemptions under § 522(d)(10)(C) and (d)(11)(E) for the remaining sum.

Westry appealed to the district court. The district court interpreted the bankruptcy court's order to include a "finding by a preponderance of the evidence that the creditors would be prejudiced by the amendments." It found no clear error and affirmed.

## II.

Westry argues that our precedents recognize only two exceptions to a debtor's right to amend her schedules before the close of the case—bad faith and fraudulent concealment, *see Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984) (per curiam)—and that we have not

recognized an exception for prejudice. Westry contends there is no authority for the bankruptcy court's order sustaining Lim's objection on prejudice grounds, and, further, that the record does not support a finding of prejudice.

The parties do not dispute that Westry's failure to claim additional exemptions in her original Schedule C that would have exempted the full amount of the workers' compensation award at the outset was not the result of intentional misconduct such as bad faith or fraud. Rather, Lim contends the estate's creditors were prejudiced by Westry's failure to realize that she did not initially claim adequate exemptions, which Westry admitted at oral argument was a clerical error. Lim conceded before the bankruptcy court that the additional claimed exemptions were proper under the Bankruptcy Code and under Federal Rule of Bankruptcy Procedure 1009(a). Nevertheless, Lim argues that the bankruptcy court had the "discretion to deny an amendment based upon a finding of prejudice."

## A.

"In an appeal from a district court's review of a bankruptcy court's decision, we independently review the bankruptcy court's decision." *In re Flo-Lizer, Inc.*, 946 F.2d 1237, 1240 (6th Cir. 1991). "We review the bankruptcy court's findings of fact for clear error and any conclusions of law *de novo*." *In re John Richards Homes Bldg. Co.*, 439 F.3d 248, 254 (6th Cir. 2006).

## B.

Subsequent to the bankruptcy court's decision but weeks before the district court's decision affirming the bankruptcy court, the Supreme Court decided *Law v. Siegel*, 134 S. Ct.

1188 (2014).[2]  The decision in *Law* strongly suggests that courts should not disallow on timeliness grounds the type of amendment involved here.  In *Law*, the debtor (Law) claimed on a schedule filed with the bankruptcy court that $75,000 of his home's value was exempted under a statutory homestead exemption.  He also reported that the house was subject to two liens, including a note and deed of trust in favor of "Lin's Mortgage & Associates."  Because the two liens exceeded the house's nonexempt value, there was no equity in the house that the creditors could recover.  The trustee initiated proceedings alleging that the lien in favor of "Lin's Mortgage & Associates" was fraudulent.  A person living in China and speaking no English claimed to be the true beneficiary of the disputed deed, and over the next five years, engaged in costly litigation contesting the avoidance of the deed.  Law apparently signed and filed the deed himself and submitted false evidence to persuade the court that the person in China, rather than a person by the same name in California who had disclaimed any interest in the home, was the true holder of the lien.  The bankruptcy court concluded that the person in China never made a loan to Law in exchange for the deed, and found that "the loan was a fiction, meant to preserve Law's equity in his residence beyond what he was entitled to exempt by perpetrating a fraud on his creditors and the court."  *Id.* at 1193 (internal quotation marks and citation omitted).  Because the trustee incurred over $500,000 in attorney's fees to rebut Law's fraudulent misrepresentations, the bankruptcy court "surcharged" the $75,000 homestead exemption and made those funds available to the trustee to defray his attorney's fees.  *Id.*

The Supreme Court did not dispute the bankruptcy court's power to sanction abusive practice, but held that the bankruptcy court could not exercise its statutory and inherent powers

---

[2] The parties did not discuss or cite *Law* in their merit briefs.  We requested supplemental letter briefs, asking the parties to "address the applicability and effect of the Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014)."

in contravention of a specific statutory provision. *Id.* at 1194. Because the Bankruptcy Code provided that a homestead exemption could not be used to pay administrative costs, *see* 11 U.S.C. § 522(k), the Supreme Court unanimously held that the bankruptcy court exceeded its authority when it made funds protected by the exemption available to the trustee to offset the attorney's fees. *Law*, 134 S. Ct. at 1195.

Despite § 522(k)'s express prohibition, the trustee argued that the bankruptcy court's equitable power to deny an exemption coexisted comfortably with the statute. The Court thought this argument was procedurally barred since the trustee did not timely object to the exemption, but assumed that, notwithstanding the Code's plain language, the trustee meant to argue that the bankruptcy court could revisit the claimed exemption and disallow it (rather than surcharge it after it was already allowed). The Supreme Court rejected the argument, recounting that the Code contains "a number of carefully calibrated exceptions and limitations, some of which relate to the debtor's misconduct." *Id.* at 1196. "The Code's meticulous—not to say mind-numbingly detailed—enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id.*

The Court reached this conclusion although the trustee had "point[ed] out that a handful of courts have claimed authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is much the same thing) based on the debtor's fraudulent concealment of the asset alleged to be exempt." *Id.* (citing decisions from the Fifth, Seventh, and Eleventh Circuits). Indeed, the Court expressly rejected the suggestion that the Bankruptcy Code admits of "a general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct." *Id.* Section 522 "does not," according to the Court, "give courts discretion to grant or withhold exemptions based on whatever considerations they deem

appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt." *Id.*

Lim argues *Law* is distinguishable and that its relevant conclusion is *dicta*. While not on all fours, we believe that *Law* strongly suggests that the bankruptcy court exceeded its authority when it disallowed Westry's amendment, which asserted proper exemptions within the time period allowed for amendment. However, we need not determine the exact perimeters of the bankruptcy court's discretion to disallow such amendments based on prejudice because we conclude there was no adequate showing of prejudice.[3]

**III.**

Assuming arguendo that the bankruptcy court had the authority to deny Westry's amendment based on a finding of prejudice, Lim failed to show and the bankruptcy court did not find facts supporting prejudice. The bankruptcy court did not make an express finding of prejudice. It found only that Westry knew that Lim "intended to administer and distribute to creditors whatever value there was in this Workers' Compensation claim over and above the initial exemption claimed," and that Westry's failure to claim additional statutory exemptions was "improper." A trustee must prove its objection to a claimed exemption by a preponderance of the evidence. *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011); Fed. R. Bankr. P. 4003(c). A finding of prejudice is arguably implicit in the court's order sustaining Lim's objection; the district court so found. Lim argues the bankruptcy court's implied finding of prejudice was not clearly erroneous under the standards articulated in *In re Daniels*, 270 B.R. 417 (Bankr. E.D. Mich. 2001), and *In re O'Brien*, 443 B.R. 117 (Bankr. W.D. Mich. 2011).

---

[3] Nor do we decide whether *Law* abrogates our holding in *Lucius* to the extent *Lucius* authorizes courts to disallow a statutory exemption based on nonstatutory exceptions.

Assuming the correctness of these decisions, we conclude Lim did not meet her burden under either standard.

In *Daniels*, the court explained:

[P]rejudice may be established by showing harm to the litigating posture of parties in interest. If the parties would have taken different actions or asserted different positions had the exemption been claimed earlier, and the interests of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment. Moreover, an amendment is prejudicial if it impairs a trustee in the diligent administration of the estate.

*In re Daniels*, 270 B.R. at 426 (alteration in original) (quoting *In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)). Mere delay in filing an amendment, however, is not a sufficient ground to show prejudice. *Id.*

In *O'Brien*, the court similarly reasoned that a court could disallow an amendment if the amendment is an "attempt to frustrate the trustee's continued administration of the otherwise non-exempt asset." *In re O'Brien*, 443 B.R. at 142. As in *Daniels*, the court explained that a "simple delay, by itself, in claiming or amending an exemption does not constitute prejudice." *Id.* at 143. Rather, "an unreasonable delay due to a debtor's lack of diligence, coupled with other prejudice, may result in denial of an amended exemption." *Id.*

Here, Lim argues prejudice results from "the extremely late timing of the amendment." *Daniels* and *O'Brien* clearly explain delay by itself is not sufficient to support a finding of prejudice. Lim also contends that the creditors would be prejudiced by the amendment because "the estate has administered the case for so long prior to the amendment." There is no record evidence to support this allegation. At oral argument, Lim's counsel suggested that the trustee spent time and money keeping the bankruptcy case open in anticipation of the workers' compensation settlement. Lim similarly argued below that she was "forced . . . to incur the expense of monitoring the claim prior to her amendment." Her counsel admitted to the

bankruptcy court that, since Westry's employer (or its insurance carrier) was sitting on the offer, "[i]t was just a matter of whether or not the employer was going to at some point accept the award, so Trustee Lim . . . she's just been monitoring the case approximately every 90 days . . . ." Lim does not explain how keeping the case open to occasionally monitor the claim "detrimentally affected" the creditors' interests.

Lim also alleges that the amendment was prejudicial because it would have impaired her diligent administration of the estate. She does not, however, state how the amendment would have impaired her duties. She claims she would have acted differently in administering the estate, including perhaps not agreeing to settle for a sum larger than the statutory cap on the exemption, or perhaps holding out for more. But there is no evidence in the record that Lim had or sought any role in the settlement negotiations, or that there was any prospect of recovering more from the workers' compensation carrier. Further, the creditors were not going to recover from the estate regardless of Lim's approach to diligent administration. There were simply no assets in excess of the statutorily permitted exemptions. The only question was whether the creditors would get assets to which they were not entitled simply because Westry initially failed to claim all the exemptions to which she was entitled.[4] To the extent the bankruptcy court made a finding of prejudice, it is not supported by the record and is thus clearly erroneous.

We **REVERSE** and **REMAND** for further proceedings in the bankruptcy court.

---

[4] At oral argument it appeared that the real prejudice, if any, was to Lim and her counsel, who might have closed the estate earlier and spent less time on the case had they realized that Westry intended to claim other exemptions. This is not fairly characterized as prejudice to the creditors.